**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard BROADEN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 2009.
Filed Aug. 3, 2009.
Reargument Denied Oct. 9, 2009.

Suzanne M. Swan, Chief Appellate Division—Public Defender and Brandon P. Ging, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

BEFORE: LALLY–GREEN *, POPOVICH, and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This is an appeal from judgment of sentence entered by the Court of Common Pleas of Allegheny County after Appellant, Richard Broaden, Jr., pleaded guilty to a myriad of charges. We affirm.

¶ 2 On June 20, 2006, Appellant led police on a high speed chase, in the process forcing several cars off the road. Because of the danger that Appellant was causing to other drivers, the police slowed down and backed off the chase. Shortly thereafter, Appellant caused a multi-vehicle accident resulting in serious injuries to two victims. Appellant was arrested and charged with two counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(2), three counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), two counts of accidents involving death or personal injury, 75 Pa. C.S.A. § 3742(a), one count of fleeing or attempting to elude an officer, 75 Pa. C.S.A. § 3733, two counts of accident involving death or injury while not properly licensed, 75 Pa.C.S.A. § 3742.1(a), five counts of recklessly endangering another person ("REAP"), 18 Pa.C.S.A. § 2705, one count of accident involving damage to attended vehicle or property, 75 Pa.C.S.A. § 3742(a), one count of turning movements and required signals, 75 Pa.C.S.A. § 3334(a), one count of reckless driving, 75 Pa.C.S.A. § 3736(a), one count of one way roadways and rotary traffic islands, 75 Pa. C.S.A. § 3308(a), one count of driving while operating privileges suspended or

---

* This decision was reached prior to the retirement of Judge Lally–Green.

revoked, 75 Pa.C.S.A. § 1543(a), and one count of unnecessary noise, LO § 601.04.

¶ 3 On June 21, 2007, Appellant entered into an open plea agreement in which the Commonwealth agreed to *nolle pros* two counts of aggravated assault and one count of REAP.[1] Appellant pleaded guilty to the remaining charges. There was no agreement regarding sentencing. Sentencing was deferred pending the completion of a pre-sentence report.

¶ 4 On August 16, 2007, the Commonwealth filed formal notice of its intent to seek a ten year mandatory minimum sentence for each of the aggravated assault counts pursuant to 42 Pa.C.S.A. § 9714.[2] The Commonwealth also filed formal notice of its intent to seek a mandatory two year sentence for committing an aggravated assault against an elderly person pursuant to 42 Pa.C.S.A. § 9717.[3]

¶ 5 On September 20, 2007, Appellant was sentenced to two concurrent terms of ten to twenty years incarceration for the aggravated assault counts. Appellant was ordered to pay $18,638.46 in restitution and $200 in fines. No further penalty was imposed. During the sentencing hearing, Appellant objected to the imposition of the ten year mandatory sentence. *See* Notes of Testimony ("N.T. Sentencing"), 09/20/2007, at 12, 17–18.

¶ 6 On September 27, 2007, Appellant filed a motion to withdraw guilty plea, asserting that he was not aware that the Commonwealth would seek the mandatory minimum sentence and that his plea was not knowing, intelligent and voluntary. On August 27, 2008, Appellant's motion was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3).

¶ 7 Appellant filed a notice of appeal on September 18, 2008. On October 15, 2008, the sentencing court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 25 days. Appellant timely filed a statement on November 3, 2008. On November 19, 2008, Appellant filed a supplemental statement. On December 8, 2008, Appellant filed a motion for leave of court to file a second supplemental statement. On December 9, 2008, the sentencing court denied Appellant's motion and filed a Pa. R.A.P. 1925(a) opinion.

¶ 8 On both December 16, 2008, and December 19, 2008, Appellant filed petitions with this Court seeking remand to the sentencing court in order for him to properly preserve the issues raised in his supplemental and second supplemental statements. This Court denied Appellant's petitions without prejudice. On

1. One count of aggravated assault, 18 Pa. C.S.A. § 2702(a)(2), was withdrawn before the magisterial district judge.

2. Section 9714 provides:

> Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.
> 42 Pa.C.S.A. § 9714(a)(1). Appellant was previously convicted of robbery and conspira-

cy to commit robbery in an unrelated matter. Robbery is defined as a crime of violence. 42 Pa.C.S.A. § 9714(g).

3. Section 9717 provides:

> A person under 60 years of age convicted of the following offenses when the victim is over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows:
> 18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—not less than two years.
> 42 Pa.C.S.A. § 9717(a). One of the victims in this case, Antonio Zottola, was more than 60 years of age.

March 2, 2009, Appellant filed his brief to this Court and reasserted his request for remand in order that he might properly preserve his appellate rights. On May 15, 2009, this Court granted Appellant's request and remanded this matter for Appellant to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within 21 days and directed the sentencing court to file a Pa.R.A.P. 1925(a) opinion within 30 days thereafter.

¶ 9 On May 20, 2009, Appellant filed a Pa.R.A.P. 1925(b) statement *nunc pro tunc,* preserving the following issues: (1) whether the sentencing court abused its discretion in not granting Appellant's oral pre-sentence motion requesting to withdraw his guilty plea; and (2) whether the sentencing court abused its discretion in not granting Appellant's post-sentence motion to withdraw his guilty plea. The sentencing court filed a Pa.R.A.P. 1925(a) opinion on June 12, 2009 ("Supplemental Opinion").

■ ¶ 10 A decision regarding whether to accept a defendant's pre-sentence motion to withdraw a guilty plea is left to the discretion of the sentencing court. Pennsylvania Rule of Criminal Procedure 591 provides:

> At any time before the imposition of sentence, the court may, *in its discretion,* permit, upon motion of the defendant, or direct, *sua sponte,* the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A) (emphasis added).

■ ¶ 11 There is no absolute right to withdraw a guilty plea. *Commonwealth v. Flick,* 802 A.2d 620, 623 (Pa.Super.2002), *citing Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268, 271 (1973). Nevertheless, "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for 'any fair and just rea-son,'" provided there is no substantial prejudice to the Commonwealth. *Commonwealth v. Kirsch,* 930 A.2d 1282, 1284–1285 (Pa.Super.2007), *quoting Forbes,* 299 A.2d at 271 (Pa.1973).

¶ 12 We will not disturb the decision of the sentencing court absent an abuse of discretion. An abuse of discretion is not merely an error judgment. *Commonwealth v. Prysock,* 972 A.2d 539, 541 (Pa.Super.2009). Discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record...." *Prysock,* 972 A.2d at 541, *quoting Commonwealth v. Chambers,* 546 Pa. 370, 685 A.2d 96, 104 (1996).

■ ¶ 13 Appellant's contention is spurious. The record demonstrates that Appellant objected to the Commonwealth's request for the mandatory minimum sentence because, according to Appellant, "it [was] being asserted [in] an arbitrary [and] capricious manner," N.T. Sentencing, at 12, and suggested that "[h]e certainly would have taken a different posture," if the Commonwealth had notified him of its intent to seek the mandatory minimum. N.T. Sentencing, at 18. However, Appellant did not move to withdraw his plea prior to sentencing. In that regard, the following exchange between counsel for Appellant and the sentencing judge is illuminating:

> The Court: But you didn't file a motion to withdraw the plea, nor have you said up until this minute that you want to withdraw the plea; right?
>
> Mr. Taylor: That's correct.
>
> The Court: So if I don't have a motion to withdraw the plea then I have to go forward with the sentencing ...

N.T. Sentencing, at 17–18. Thus, we agree with the sentencing court, which stated that "[t]he record demonstrates that [Appellant's] arguments were directed at convincing [the sentencing court] not to impose the mandatory minimum sentence." Supplemental Opinion, at 3.

¶ 14 Appellant contends that he "had maintained his innocence prior to the formal imposition of sentence." Appellant's Brief, at 17–18. To the contrary, the record is replete with examples of Appellant's profession and/or acceptance of guilt in this matter. Notes of Testimony ("N.T. Plea"), 06/21/2007, at 12, 16; Appellant's Guilty Plea—Explanation of Defendant's Rights, 06/21/2007 ("Plea Statement"), at 1, 4, 8, 9; N.T. Sentencing, at 27–28. At no time did Appellant ever assert his innocence.

¶ 15 Appellant also contends that the sentencing court abused its discretion in not granting Appellant's post-sentence motion to withdraw his guilty plea. "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Flick*, 802 A.2d at 623. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. *Id., citing Commonwealth v. Gunter*, 565 Pa. 79, 771 A.2d 767 (2001); *Kirsch*, 930 A.2d at 1284. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super.2002), *citing Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Commonwealth v. Flanagan*, 578 Pa. 587, 854 A.2d 489, 500 (2004). A deficient plea does not *per se* establish prejudice on the

order of manifest injustice. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463 (1995); *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997).

¶ 16 Appellant argues that his plea was not knowingly and voluntarily tendered. According to Appellant, he entered an open plea, and it was his understanding of the plea agreement that sentencing would be left to the discretion of the sentencing judge. He claims that when the Commonwealth filed notice of its intent to pursue a mandatory minimum sentence, it effectively deprived the sentencing court of discretion, thus rendering Appellant's plea invalid.

¶ 17 Section 9714 provides that "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing." 42 Pa.C.S.A § 9714(d). This Court has held that Section 9714 "requires notice to a defendant of its applicability *prior to the entry of a guilty plea*, not only prior to sentencing." *Commonwealth v. Zorn*, 397 Pa.Super. 231, 580 A.2d 8, 12 (1990) (emphasis added); *see Commonwealth v. Boyles*, 414 Pa.Super. 282, 606 A.2d 1201, 1206 (1992) (suggesting that the pre-guilty plea notice requirement is rooted in due process guarantees). Our conclusion in *Zorn* was based upon the following analysis:

> When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. Knowledge of the higher mandatory minimum sentence for re-

peat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.

*Zorn*, 580 A.2d at 10, quoting *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702, 707 (1985) (en banc) (emphasis omitted).

¶ 18 The Commonwealth argues that it has no affirmative duty to inform a defendant of its intent to seek a mandatory minimum prior to that defendant's tender of a guilty plea. Rather, the Commonwealth maintains that our holding in *Zorn* merely suggests that a defendant must have some abstract appreciation of the mandatory sentencing provisions. According to the Commonwealth, Appellant demonstrated this awareness in his written guilty plea statement. We disagree.

¶ 19 Appellant initialed, signed and affirmed before the sentencing court a statement which established that he was aware of various rights to which he was entitled and that he knowingly and voluntarily agreed to waive his rights in exchange for the benefits of his plea agreement with the Commonwealth. Appellant's Guilty Plea—Explanation of Defendant's Rights, 06/21/2007 ("Plea Statement"); Notes of Testimony ("N.T. Plea"), 06/21/2007, at 11–12. The written statement is comprehensive. It includes the following provision:

> 45. If there is a mandatory minimum sentence applicable and this mandatory sentence is sought by the Commonwealth, then this Court has no discretion to impose a lesser sentence and must impose at least the minimum sentence that is required by law.

Plea Statement, at 7. This statement merely establishes Appellant's awareness that the court lacks discretion and must impose the mandatory minimum sentence, "if" there is an applicable mandatory minimum sentence, and "if" the Commonwealth chooses to seek its imposition. It does not advise Appellant that the necessary conditions have been satisfied so that the mandatory sentence will be applied in his case. Such knowledge is critical to informing Appellant's decision to plead guilty:

> A knowing and voluntary guilty plea must provide the opportunity to a defendant to assess his chances of obtaining a reduced sentence as opposed to going to trial. A defendant may well take his chances at trial rather than entering a guilty plea if he is made aware that entering a guilty plea will require imposition of a . . . mandatory minimum sentence by the court.

*Zorn* at 11, *quoting Commonwealth v. Crum*, 380 Pa.Super. 280, 551 A.2d 584, 589 (1988). In *Boyles, supra,* this Court recognized that it does not matter who supplies notice of the applicability of a mandatory sentencing provision to a defendant, so long as the defendant is "duly notified." *Boyles,* 606 A.2d at 1206 (concluding that notification by the trial court is sufficient). Nevertheless, a conditional statement regarding the potential applicability of mandatory sentencing provisions to Appellant's sentence is not sufficient to remedy the Commonwealth's failure to fully inform Appellant, prior to his guilty plea, that the mandatory minimum sentencing provision was being invoked in his case.[4] Accordingly, Appellant's guilty plea was deficient.

---

4. The sentencing court conducted a lengthy and comprehensive colloquy with Appellant.

¶ 20 Despite this failure, the Commonwealth nevertheless afforded Appellant more than 30 days notice prior to sentencing of its intent to pursue a mandatory minimum sentence: the Commonwealth filed its notice of intent on August 16, 2007; Appellant was sentenced on September 20, 2007. This post-plea, but pre-sentence notice afforded him ample time in which to prepare a motion to withdraw his guilty plea. Appellant declined this opportunity and chose to proceed with the sentencing. *See Commonwealth v. Leonhart*, 358 Pa.Super. 494, 517 A.2d 1342, 1346 (1986) (vacating judgment of sentence because "the sentencing transcript reveal[ed] that the prosecutor only introduced the applicability of [a mandatory sentencing provision] near the end of the proceedings, taking appellant, his counsel and the trial court by surprise"). By opting to proceed with sentencing, Appellant waived his contention that his guilty plea was not knowing because he had not been notified of the application of the mandatory minimum sentence.

¶ 21 Judgment affirmed.

However, it did not obviate the Commonwealth's duty as occurred in *Boyles*. *See Boyles* at 1206. Rather, the sentencing court set forth the maximum penalties to which Appellant was subject. N.T. Plea, at 3–7. It did not identify "the permissible range of sentences and/or fines for the offenses charged," Pa.R.Crim.P. 590, *Comment*, nor did it inform Appellant that he was facing a mandatory minimum sentence.