J-A07022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY DWAYNE WEYANT | |
| Appellant | No. 516 WDA 2014 |

Appeal from the Judgment of Sentence March 28, 2014
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000115-2013

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 29, 2015**

Gary Dwayne Weyant appeals from the judgment of sentence imposed by the Court of Common Pleas of Bedford County, following his conviction for rape of a child.[1]  Upon review, we affirm.

On February 26, 2014, Weyant entered a no contest plea to one count of rape of a child in exchange for sentence of three to six years in a state prison.  The court sentenced Weyant immediately following the plea hearing.  Thereafter, Weyant hired new counsel and filed post-sentence motions, seeking to vacate the sentence and plea agreement.  Following a hearing on March 24, 2014, the trial court denied Weyant's post-sentence motions.  This timely appeal followed.

_____

[1] 18 Pa.C.S. § 3121(c).

On appeal, Weyant presents a single issue for our review: whether the lower court abused its discretion in denying his motion to withdraw the no contest plea. Brief of Appellant, at 4. Our review of a defendant's post-sentence challenge to a guilty plea is well established.

> Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (internal quotes and citations omitted). Furthermore,

> The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations omitted).

Our review of the transcript from the plea hearing reveals ample support for the trial court's conclusion that Weyant entered a knowing, voluntary, and intelligent plea. Prior to the hearing, Weyant completed a written colloquy, which the Honorable Travis W. Livengood reviewed in open court. Thereafter, the court performed its own extensive oral colloquy. During the oral colloquy, the court explained the nature of the charge of rape of a child, that Weyant was giving up his right to trial by jury, the permissible ranges of sentences and fines possible, and that the court is not bound by the terms of the agreement unless the court accepts the plea. *Id.*

In his brief, Weyant claims that some of his responses during the colloquy demonstrate that he did not comprehend the proceedings. However, this contradicts the statements Weyant made to the court, under oath, indicating that he understood his attorney and the questions asked by the court. *See* N.T. Plea Hearing, 2/26/14, at 15-33. Furthermore, the hearing transcript reveals that the court adequately addressed all points of confusion and made sure Weyant understood the consequences of his decision to plead no contest. Looking at the totality of the circumstances, we conclude that the colloquy was more than adequate and Weyant's plea was knowing, voluntary, and intelligent. *Id.*

In support of his claim that his plea was invalid, Weyant also argues that the court rushed him to enter his no contest plea, asserting that Judge Livengood imposed an arbitrary deadline of 1:30 P.M. However, nothing in the record indicates that Judge Livengood, or Weyant's trial counsel, stated

that Weyant was required to enter a no contest plea at that time. Rather, Judge Livengood merely wanted Weyant to make a decision by 1:30 P.M. Weyant had an opportunity to meet with his attorneys prior to the hearing for several hours, during which he discussed all of his options with counsel. N.T. Plea Hearing, 2/26/14, at 2-3; 27. Furthermore, Weyant did not indicate during his plea colloquy that he wanted more time or information. Accordingly, we find this argument to be meritless.

Lastly, Weyant argues that the trial court abused its discretion when it decided to proceed with the post-sentence motion hearing even though it failed to provide Weyant's new attorney with a transcript of the plea and sentencing hearing. Weyant believes his counsel was placed at a "distinct disadvantage" without the transcript, which caused Weyant to suffer a manifest injustice. Weyant relies on *Commonwealth v. Payson*, 723 A.2d 695 (Pa. Super. 1999), in support of his argument; however, he merely cites dicta concerning the importance of obtaining transcripts prior to filing a concise statement of errors complained of on appeal. *Id.* at 705. Because Weyant failed to provide any legal authority or demonstrate that he suffered a manifest injustice, we find this argument meritless.

Judgment of sentence affirmed.

Judgment Entered.

- 4 -

J-A07022-15

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/29/2015</u>