J-S29009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS BART GIBSON | |
| Appellant | No. 1119 WDA 2014 |

Appeal from the Judgment of Sentence January 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014833-2013

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 14, 2015**

Appellant, Thomas Bart Gibson, appeals from the judgment of sentence entered January 27, 2014, by the Honorable Joseph K. Williams, III, in the Court of Common Pleas of Allegheny County.  After careful review, we affirm in part, vacate in part, and remand for further proceedings.

On January 27, 2014, Gibson entered a guilty plea to tampering with or fabricating physical evidence[1] and driving while operating privilege is suspended or revoked.[2]  Following a guilty plea hearing, the trial court sentenced Gibson on the tampering charge to 30 to 60 days' confinement, with immediate parole, followed by one-year probation.  The court imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 4910(1).
[2] 75 Pa.C.S.A. § 1543(a).

a $200.00 fine at the "1543" offense. N.T., Guilty Plea Hearing, 1/27/14 at 4.

On appeal, Gibson raises the following issue for our review.

Did the trial court abuse its discretion when it denied Mr. Gibson's post-sentence motion requesting to withdraw his guilty plea at CC 2013-14833, as it was not knowingly, voluntarily, and intelligently made?

Appellant's Brief at 5 (unnecessary capitalization omitted).

We note that,

[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (internal quotes and citations omitted).

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.]Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible

ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (internal quotes and citations omitted).

Instantly, Gibson's challenge to the voluntariness of his guilty plea is narrow, in that he alleges only that "he was unaware that his guilty plea included a plea to Driving While Operating Privilege Suspended or Revoked." Appellant's Brief at 14. Our review of the record supports Gibson's assertion.

We note with great concern that, although the assistant district attorney notified the lower court at the outset of the guilty plea hearing that Gibson was pleading to "Tampering and driving with a suspended license," Guilty Plea Hearing, 1/27/14 at 3, there was no explanation of the elements of these crimes. Consequently, there is no indication that Gibson understood the nature of the charges to which he was pleading guilty. Moreover, this initial statement by the prosecutor constitutes the only time in the entire guilty plea hearing that the charges were referred to specifically by name, and not section number. We further note that our review of the written guilty plea form answered and signed by Gibson does not indicate the crimes to which Gibson is pleading guilty, nor does the written colloquy

- 3 -

query whether counsel explained the elements of the offenses to him. **_See_** Guilty Plea Explanation of Defendants Rights, 1/27/14.

When evaluated against the six mandatory areas of inquiry that must be conducted during a guilty plea hearing as set forth in Pa.R.Crim.P. Rule 590, discussed below, the colloquy in the instant case was clearly deficient. The trial court simply failed to inform Gibson of the nature of the charges against him or explain the elements of those crimes, and there is no evidence to suggest that Gibson was otherwise provided this necessary information.[3] As the totality of the circumstances here suggests that Gibson was inadequately informed of the specific crimes to which he was pleading guilty, such that his plea was rendered unknowingly entered, we conclude that the trial court's refusal to grant Gibson's post-sentence motion to withdraw his plea resulted in manifest injustice. **_See Commonwealth v._**

_____

[3] The trial court maintains that the factual summary provided by the Commonwealth was sufficient to alert Gibson that his plea included an admission of guilt to the crime of driving while operating license is suspended. We disagree.

At the hearing, the Commonwealth advised the court that "the defendant's license was suspended at the time" he was observed "exiting a vehicle" immediately prior to his arrest. Plea Hearing, 1/27/14 at 9. However, the Commonwealth notably did not establish that Gibson was observed driving a motor vehicle prior to his arrest. **_See_** 75 Pa.C.S.A. § 1543(a) ("[A]ny person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.").

***Flick***, 802 A.2d 620 (Pa. Super. 2002) (finding guilty plea colloquy inadequate where trial court did not discuss the nature of the charges or explain elements of the offenses); ***cf***. ***Commonwealth v. Morrison***, 878 A.2d 102 (Pa. Super. 2005) (en banc), ***appeal denied***, 887 A.2d 1241 (Pa. 2005) (where appellant admitted in written guilty plea colloquy that he was advised of offenses as outlined in the information, totality of the circumstances established appellant was informed of the nature and elements of the charges against him).

Accordingly, we vacate Gibson's judgment of sentence in part and remand for further proceedings. As Gibson challenges his guilty plea only as it pertains to the offense of driving while operating privilege is suspended, we affirm his judgment of sentence for tampering with or fabricating physical evidence. On remand, Gibson shall be permitted to withdraw his guilty plea to the offense of driving while operating privilege is suspended.

Judgment of sentence affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/14/2015</u>