J-S29040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAD E. SNYDER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1729 WDA 2015 |

Appeal from the Judgment of Sentence July 2, 2015
in the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005111-2013

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 27, 2016**

Appellant, Chad E. Snyder, appeals from the judgment of sentence entered in the Westmoreland County Court of Common Pleas after he pleaded guilty to robbery,[1] burglary,[2] theft by unlawful taking,[3] and conspiracy.[4] Appellant claims he did not enter his plea knowingly, voluntarily, and intelligently because (1) the Commonwealth provided a guideline sentence form with incorrect information to Appellant prior to his

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 3502(a)(1).

[3] 18 Pa.C.S. § 3921(a).

[4] 18 Pa.C.S. § 903(a)(1).

plea and (2) the trial court never informed Appellant of the maximum sentence or that it could impose his sentences consecutively. We affirm.

On April 14, 2015, Appellant entered a general guilty plea to the above crimes stemming from the November 10, 2013 burglary of a residence while the homeowner, an elderly woman, was home. At the hearing, the trial court asked the Commonwealth for the guideline ranges for the offenses. N.T. Guilty Plea Hr'g, 4/14/15, at 2. Appellant's counsel then informed the court, "[t]he robbery is the most serious count, Count 2. My client has a zero prior record score. So, the standard range is 22 to 36 months. Offense gravity score at 10. Burglary is 9, and the standard range is 12 to 24 months." *Id.* at 3.

The trial court advised that it would look to the sentencing guidelines when considering Appellant's sentence and addressed Appellant, in relevant part, as follows:

> You understand that there is no plea agreement in this case, meaning that following the presentence investigation, a sentencing hearing will be scheduled and the sentence will be determined by me.
>
> [Appellant:] Yes.
>
> Q. And are you in agreement with that, sir?
>
> A. Yes.
>
> Q. Has anybody promised you anything or threatened you with anything so that you would plead guilty?
>
> A. No.

Q. You know you are not required to plead guilty to anything?

A. Yes.

\* \* \*

Q. . . . Do you understand those four charges?[5]

A. Yes.

Q. And you are pleading guilty to them?

A. Yes.

Q. Any questions about the charges?

A. No.

Q. Any questions about anything?

A. No.

[Trial] Court: I find the plea has been entered knowingly, intelligently and voluntarily, and I will accept it.

*Id.* at 3, 5-7.

Appellant also executed and signed a "guilty plea petition" outlining his trial and appellate rights. Guilty Plea Pet., 4/14/15, at 2-5. He acknowledged that he faced up to "20 years [sic] incarceration and/or $25,000 fine." *Id.* at 2. The court asked Appellant if he understood "all of

---

[5] The trial court also recited the factual basis for each charge, and Appellant informed the court he understood the nature of each charge and desired to plead guilty to them. N.T. Guilty Plea Hr'g at 5-6.

[the] trial and appeal rights as they were explained in this guilty plea petition?" N.T. Guilty Plea Hr'g at 5. Appellant responded, "[y]es." *Id.*

The trial court ordered a pre-sentence investigation report, and on July 2, 2015, Appellant appeared for a sentencing hearing. The Commonwealth argued for the imposition of the deadly weapon enhancement based on Appellant's possession of a pellet gun during the commission of the home invasion. N.T. Sentencing Hr'g, 7/2/15, at 10, 13; *see* 204 Pa. Code § 303.10. Appellant's counsel argued the deadly weapon enhancement did not apply because "[i]t was not a traditional firearm capable of producing bullets." *Id.* at 11. Following argument, Appellant addressed the court, in relevant part, as follows: "first, whenever I did enter this general plea, there was never no motion [sic] of a deadly weapon enhancement. I just found this out last night." *Id.* at 14. Appellant then apologized to the victim and "accept[ed] full responsibility for [his] actions." *Id.* at 14-15. The trial court applied the deadly weapon enhancement and sentenced Appellant to four to eight years' incarceration on robbery and a consecutive term of two to four years' incarceration on burglary.[6] *Id.* at 18-19.

Appellant filed post-sentence motions on July 6, 2015 seeking modification of his sentence or, alternatively, to withdraw his guilty plea.

---

[6] The trial court concluded theft by unlawful taking merged with robbery for the purpose of sentencing and imposed a concurrent sentence of one and one-half to three years' incarceration on criminal conspiracy. N.T. Sentencing Hr'g at 18-19.

Post-Sentence Mot., 7/6/15, at 2-4 (unpaginated). With respect to his motion to withdraw his plea, Appellant averred he pleaded guilty in reliance, in part, on the guideline sentencing form the Commonwealth provided in discovery, which listed robbery as having an offense gravity score of nine, instead of ten, and indicated no sentencing enhancement applied. *Id.* at 3. He further noted the Commonwealth offered a plea of five to ten years' incarceration, but he contended that he entered a general plea based on his "impression that the standard range was significantly less than the Commonwealth's offer." *Id.* at 4.

On July 30, 2015, the trial court held a hearing on the motions, and denied the motion for sentence modification. N.T. Mot. Hr'g, 7/30/15, at 10. Appellant testified regarding his motion to withdraw his plea consistent with the averments in his motion, *i.e.*, that he entered a general guilty plea in reliance on the guideline sentencing form the Commonwealth provided in discovery. *See id.* at 12-14; Post-Sentence Mot., 7/6/15, at 3-4. He further acknowledged the trial court had discretion in fashioning his sentence:

> [Appellant's Counsel:] And you did know however that by pleading generally in front of the [trial court] that sentencing was at her discretion and that you were not guaranteed any type of sentence; correct?
>
> [Appellant:] Yes, I did.

N.T. Mot. Hr'g at 13.

The Commonwealth cross-examined Appellant on the information in the pre-sentence investigation report provided to Appellant prior to sentencing.

Q. Prior to sentencing, there is a pre-sentence investigation report?

A. Yes, sir.

Q. Okay. And you had an adequate opportunity to review that?

A. I don't want to say adequate opportunity. I got to review it briefly a couple of days before I got sentenced.

Q. A few days before?

A. Yeah, but I wasn't allowed to keep it.

Q. Right. But you could read it. Did you discuss it with [Appellant's counsel]?

A. Yes, sir.

Q. Okay. And one of the standard procedures at sentencing is for the [trial c]ourt to ask the defense if there's any additions or corrections to the pre-sentence report before sentencing commences? Do you recall that happening on July the 2nd?

A. Yes, I do.

Q. At that time, you didn't raise an objection to the pre-sentence report indicating that the offense gravity score was a ten, not a nine as is on [the sentencing guideline form]; correct?

A. I didn't say anything, no.

Q. So you didn't raise the error?

A. I didn't notice the error.

Q. Did [Appellant's counsel] object?

A. No, sir.

*Id.* at 18-19.

Appellant and the Commonwealth submitted memoranda following the hearing, and the trial court denied the motion on October 16, 2015. Appellant timely appealed.[7]

Appellant raises the following claims of error:

I. [] Appellant's guilty plea was not knowingly, voluntarily and intelligently entered as the Guideline Sentence Form produced by the Commonwealth during discovery contained incorrect information which [] Appellant relied upon in entering a general guilty plea.

II. [] Appellant's guilty plea was not knowingly, voluntarily and intelligently entered as the [trial c]ourt never articulated [] Appellant's maximum sentence or the fact that convictions could be imposed consecutively during the plea colloquy.

Appellant's Brief at 2.

Appellant cites to Pa.R.Crim.P. 590 to support his position that his plea is invalid. *Id.* at 5. Appellant argues, "[t]he incorrect information on the Commonwealth's Sentencing Guideline Form undermined [] Appellant's

---

[7] The trial court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, it filed a "decree" pursuant to Pa.R.A.P. 1925(a) and directed this Court to the trial court's October 16, 2015 order and opinion for the reasons underlying its decision. Trial Ct. Decree, 11/19/15.

ability to enter a knowing, intelligent, and voluntary plea. In addition to this defect, [] Appellant was never informed of his maximum sentence or that his sentences could be imposed consecutively." *Id.* at 6. He contends he "was led to believe the permissible range for his plea to the Robbery count would be 22-36 months, when in reality it was 57 months." *Id.* at 8. Therefore, Appellant posits he suffered manifest injustice.[8] We disagree.

> The standard for permitting a defendant to withdraw a plea of guilty varies according to the point in the proceedings at which the motion to withdraw is made. Our Supreme Court has established significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing.

*Commonwealth v. Pardo*, 35 A.3d 1222, 1226 (Pa. Super. 2011).

Withdrawal of a guilty plea is not an absolute right. *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009). However, a court should permit a defendant to withdraw a guilty plea prior to sentencing "for any fair and just reason" provided no substantial prejudice to the Commonwealth would result. *Id.*

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the

---

[8] Appellant addresses both issues in a single argument section. *See* Appellant's Brief at 5-9.

plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations and quotation marks omitted).

Rule 590 governs plea procedures and provides, *inter alia*, "[t]he judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." Pa.R.Crim.P. 590(3). The comment provides a list of questions the trial court should ask during its inquiry of a defendant including: "Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?" *Id.* at cmt. The comment further provides:

> In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination. Its use would not, of courts, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of *nolo contendere.*

*Id.*

Instantly, Appellant pleaded guilty to the above offenses pursuant to a general plea. He specifically acknowledged during his plea colloquy that there was no agreement as to his sentence, and the trial court, in its

discretion, would decide his sentence. N.T. Guilty Plea Hr'g at 5. His written plea petition evidenced Appellant's awareness that he could be sentenced to up to twenty years' imprisonment and of the trial court's authority to impose his sentence.[9] Guilty Plea Pet. at 2-5. Furthermore, although the original guideline sentencing form included an error regarding the offense gravity score for burglary, Appellant had the correct information available to him in the presentence investigation report, provided to him days before sentencing, and did not seek to withdraw his guilty plea. *See* N.T. Mot. Hr'g at 18-19; *Broaden*, 980 A.2d at 131 (concluding appellant was not entitled to withdraw his guilty plea when he had notice of the Commonwealth's intent to pursue a mandatory minimum sentence **after** pleading guilty but opted to proceed with sentencing).

Based on the foregoing, we conclude the totality of the circumstances demonstrates Appellant knowingly, intelligently, and voluntarily pleaded guilty. *Id.* at 129; *accord* Pa.R.Crim.P. 590. Thus, Appellant has not demonstrated he suffered manifest injustice, and we affirm his judgment of sentence. *See Broaden*, 980 A.2d at 129.

Judgment of sentence affirmed.

---

[9] The charges of burglary and robbery were graded as first-degree felonies. *See* 18 Pa.C.S. § 1103(a).

J-S29040-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016