J-S76012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH NORWOOD | |
| Appellant | No. 319 EDA 2016 |

Appeal from the Judgment of Sentence October 9, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0016048-2010

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED January 12, 2017**

Appellant Keith Norwood appeals *nunc pro tunc* from the October 9, 2012 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") following his guilty plea to third degree murder, conspiracy to commit third degree murder, and possessing instruments of crime.[1]  Appellant challenges the voluntariness of his plea. Upon review, we affirm.

On October 9, 2012, Appellant entered a negotiated guilty plea to murder of the third degree, conspiracy, and possessing an instrument of crime.  Appellant was sentenced to an aggregate term of 25-50 years'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A.  §§ 2502(c), 903, & 907 respectively.

incarceration for third degree murder and conspiracy to commit third degree murder. On October 18, 2012, the trial court denied Appellant's motion for reconsideration of sentence.[2] Appellant did not file a direct appeal.

On October 9, 2013, Appellant filed a timely *pro se* PCRA petition. The trial court appointed Appellant PCRA counsel who filed an amended PCRA petition on October 21, 2014. After numerous continuances, the trial court reinstated Appellant's direct appellate rights *nunc pro tunc* on January 15, 2016. On January 20, 2016, Appellant filed a notice of appeal *nunc pro tunc*. On February 26, 2016, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement on March 1, 2016, and the trial court issued an opinion on June 24, 2016.

Appellant raises a sole issue on appeal. "Was [A]pellant's guilty plea not knowing, intelligent[,] and voluntary because [A]ppellant was not informed of the *mens rea* elements of the offenses of third degree murder and conspiracy to commit third degree murder?" Appellant's Brief at 2.

It is well settled "that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjursidictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "There is no absolute right to withdraw a guilty plea." ***Commonwealth v. Broaden***,

---

[2] Appellant's motion was filed *pro se*; however, it was adopted by trial counsel.

980 A.2d 124, 128 (Pa. Super. 2009) (citations omitted). In order to withdraw a guilty plea following the imposition of sentence, "a defendant must demonstrate that manifest injustice would result."[3]  *Id.* at 129. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily."  *Id.* (citations omitted). Furthermore, "the court must examine the totality of circumstances surrounding the plea."  *Id.* (citations omitted).

During the guilty plea hearing, the Commonwealth provided the following description of the crimes charged.

> Murder of the third degree requires the Commonwealth to prove beyond a reasonable doubt that you acted with malice and caused the death of someone.  For third-degree murder, malice is defined as acting with complete disregard for the value of human life.  This is different from first-degree murder where you have to act with a specific intent to kill.  For third-degree murder, the Commonwealth only has to prove you acted with disregard to the value of human life.

N.T. Guilty Plea, 10/9/2012, at 18.  Malice is defined as "a wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a person may not be intended to be injured."  ***Commonwealth v. McHale***, 858 A.2d 1209, 1213 (Pa. Super.

---

[3] While Appellant did not file a post-sentence motion to withdraw guilty plea *nunc pro tunc*, this Court will still address this issue.  In his PCRA petition Appellant requested the reinstatement of his post-sentence motion rights as well as direct appellate rights.  The trial court's order reinstating his direct appellate rights fails to address the right to file post-sentence motions *nunc pro tunc*.  Therefore, we will not find this issue waived.

2004). Furthermore, "malice is the element that raises criminal homicide to culpable murder." *Id.* The Commonwealth clearly stated "malice is defined as acting with complete disregard for the value of human life." Moreover, Appellant's brief fails to develop the argument or cite to any authority that the definition read to Appellant is not the functional equivalent of "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty." The Commonwealth's description adequately addressed the element of malice required for third degree murder; therefore, Appellant's claim that his guilty plea to third degree murder was not knowing, intelligent, or voluntary fails.

Appellant's next claim is that his plea was not knowing, intelligent, or voluntary because he was misinformed of the elements of conspiracy to commit third degree murder. During the guilty plea hearing, the Commonwealth defined the elements of conspiracy to commit third degree murder.

> You are also pleading guilty to a charge of conspiracy to commit third-degree murder, and that, in this case, that means the Commonwealth has to prove beyond a reasonable doubt that you made some kind of an agreement with another person and took at least one step towards completing this agreement. In this case, the agreement to commit third-degree murder would mean that you, in essence, agreed with someone to commit at least serious bodily injury upon another person. In this case, that serious bodily injury resulted in someone's death.

N.T. Guilty Plea, 10/9/2012, at 19. Conspiracy requires that the defendant have the intent of promoting or facilitating a crime and engaging in conduct which constitutes such crime. 18 Pa.C.S.A. § 903(a). In **Commonwealth v. Fisher**, 80 A.3d 1186 (Pa. 2013), our Supreme Court held that conspiracy to commit third degree was a cognizable offense and "if a defendant acts with his co-conspirators in brutally attacking the victim . . . but does not care whether the victim dies or not, he conspires to commit third degree murder." **Fisher**, 80 A.3d at 1195. As this factual scenario is practically identical to the description given to Appellant during his guilty plea colloquy, Appellant's claim fails. Furthermore, Appellant's brief fails to develop the argument or cite to any authority that the definition read to Appellant is inadequate.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2017</u>