J-A19009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL NORTON | : | |
| | : | |
| Appellant | : | No. 2359 EDA 2015 |

Appeal from the Judgment of Sentence August 7, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000104-2013

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD, JJ.[*]

DISSENTING MEMORANDUM BY FITZGERALD, J.:   **FILED MARCH 23, 2017**

I respectfully disagree with the majority's decision to affirm the trial court's order denying Appellant's presentence motion to withdraw his *nolo contendere plea*. In my view, the trial court's determination that Appellant's claim of innocence did not establish fair and just reason for withdrawal is not supported by the Pennsylvania Supreme Court's recent decision in ***Commonwealth v. Carrasquillo***, 115 A.3d 1285 (Pa. 2015), or the record.

On December 14, 2012, Appellant was charged with five counts of indecent assault[1] and one count of corruption of minors[2] in a criminal

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 18 Pa.C.S. § 6301(a)(1)(ii).

complaint alleging that he sexually abused the complainant beginning when she was three- or four-years old.[3] The abuse was alleged to occur when the complainant visited the home of her grandmother, with whom Appellant was in a relationship. Although the complainant referred to Appellant as a grandfather, Appellant and the complainant were not related by blood.

On February 27, 2013, the complainant testified at the preliminary hearing, and the magisterial district judge held over two counts of indecent assault and one count of corruption of minors for trial, but dismissed the remaining three counts of indecent assault. On April 1, 2013, the Commonwealth filed an information.

The Commonwealth apprised Appellant that it intended to introduce evidence that he sexually abused his biological daughter in Orange County, New York between 1985 and 1990, as well as Appellant's 1996 handwritten statement to New York investigators, in which he admitted the abuse.[4] On August 7, 2013, Appellant filed an omnibus pre-trial motion seeking to

---

[3] In response to Appellant's request for bill of particulars, the Commonwealth asserted that the exact date and times of the offenses were unknown, but that "the offenses were a course of conduct which occurred between September 2008 through April 19, 2012." Commw.'s Answer to Request for Bill of Particulars, 4/22/13.

[4] Appellant's biological daughter testified at a hearing on the pre-trial motion and testified, inter alia, that Appellant began touching her inappropriately when she was four years old. N.T., 10/15/13, at 9. According to the Commonwealth, a New York State family court made a finding of sexual abuse, but the matter was not prosecuted in criminal court due to New York's statute of limitation.

preclude the Commonwealth from admitting the evidence. Following a hearing, the trial court denied Appellant's motion to preclude the prior bad acts evidence on December 4, 2013.[5]

Appellant's counsel requested continuances on February 3, 2014, and March 31, 2014. On May 6, 2014, Appellant filed a motion for additional discovery from the Commonwealth seeking, *inter alia*, recordings and interview notes from any interviews of the complainant by police, children and youth services, or victim services. The trial court granted Appellant's motion "to the extent that the information requested is in the possession of the Commonwealth, the Police involved in the investigation, or other party under the control of the Commonwealth." Order, 6/11/14. On June 11, 2014, the trial court granted Appellant's unopposed motion for continuance.

In September 2014, Appellant filed a motion for recusal of the presiding judge or continuance based on the presiding judge's intended use of a computer speech program to address the jury. The Commonwealth filed a separate recusal motion for the same reason. The court, on September 10, 2014, granted Appellant's motion for continuance to the November 2014 trial term and denied Appellant's and the Commonwealth's respective motions for recusal as moot. The matter was subsequently reassigned to the present trial judge.

---

[5] The trial court denied Appellant's motion for a determination of finality with respect to its prior bad acts ruling.

On November 7, 2014, Appellant entered into a negotiated *nolo contendere* plea to one count of indecent assault and one count of corruption of minors, which included an agreement for an aggregate two-to-six-year sentence of imprisonment. The court accepted the plea and directed that he undergo an assessment by the Sexual Offenders Assessment Board ("SOAB"). Twelve days later, on November 19, 2014, Appellant completed a form advising him of the registration provisions of Sexual Offender Registration and Notification Act.[6]

On March 23, 2015, Appellant filed a counseled motion to withdraw his plea, asserting that he "has maintained his innocence in this matter and cannot live with himself taking a plea to charges that he is innocent of." Mot. to Withdraw Nolo Contendere Plea, 3/23/15, at 1.

On April 5, 2015, a SOAB assessor conducted an SVP evaluation. Appellant did not participate, indicating through counsel that he wished to withdraw his plea. The SOAB assessor found that Appellant was a sexually violent predator ("SVP").

On June 1, 2015, following a hearing, the trial court entered an order granting Appellant's motion to withdraw his plea, but noting that a decision by the Pennsylvania Supreme Court in **Carrasquillo** was pending. The Pennsylvania Supreme Court decided **Carrasquillo** on June 15, 2015, and two days later, the Commonwealth filed a motion for reconsideration of the

---

[6] 42 Pa.C.S. §§ 9799.10-9799.41.

trial court's June 1, 2015 order. On June 25, 2015, the court heard arguments on the motion and on June 26, 2015, granted reconsideration and denied Appellant's motion to withdraw his plea.

On August 7, 2015, the trial court convened a sentencing hearing at which Appellant stipulated to the SOAB's SVP determination. The court thereafter imposed the negotiated aggregate sentence of two to six years' imprisonment. This timely appeal, in which Appellant challenges the denial of his presentence motion to withdraw his plea under *Carrasquillo*, followed.

It is well settled that:

> [T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, 115 A.3d at 1291-92.

In *Carrasquillo*, the Pennsylvania Supreme Court rejected a *per se* approach to considering a presentence withdrawal of pleas based on an assertion of innocence. *Id.* at 1285. Moreover, the Court reaffirmed that "there is no absolute right to withdraw a guilty plea" and emphasized that "the trial courts have discretion in determining whether a withdrawal request will be granted." *Carrasquillo*, 115 A.3d at 1291-92 (citation omitted).

The Court clarified:

a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality [regarding a presentence withdrawal of a plea] remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292.

A review of the **Carrasquillo** Court's discussion of the record is illuminating. In **Carrasquillo**, the defendant pleaded guilty to sexual offenses. More than three and a half months later, at sentencing, the trial court heard (1) evidence that the defendant should be classified as an SVP, (2) statements from one of the victim's family, her teacher, and her physician, (3) evidence that the defendant suffered from a neuropsychological impairment, and (4) the defendant's family's request for leniency. **Carrasquillo**, 115 A.3d at 1286. Subsequently, during allocution, the defendant asserted

that he had pled guilty to spare [the victim] suffering, and he therefore expressed surprise at his portrayal during the sentencing hearing. [He] also stated that he had entered his plea because, absent a polygraph examination, his account would not have been believed and he would not have received a fair trial. He continued to discuss scenarios unrelated to the sexual assault of [the victim], in which the CIA purportedly had victimized him by seeking to employ him as an assassin abroad, and where a serpent assertedly appeared and "[t]he Antichrist, he came out of me[.]" Claiming that he did not commit the assault against [the victim] and had been framed, [he] insisted

that a polygraph test would prove his innocence and asked to withdraw his guilty plea.

*Id.* (record citations omitted).

The trial court, in ***Carrasquillo***, refused to credit the defendant's assertion of innocence. The court, in relevant part,

reasoned that [the defendant's] claim of innocence— premised in part on an explanation that he had been framed in an elaborate scheme orchestrated by the Central Intelligence Agency and conditioned upon a polygraph test—was implausible, insincere, and "nothing more than an attempt to manipulate the justice system" by introducing a belated competency-based defense. The court stressed that [the defendant] asserted his innocence nearly four months after entering his guilty plea and only minutes before sentencing, timing which also diminished his credibility. . . . [R]ather than a good-faith advancement of innocence, [the defendant's] "allocution was a guilty, shamed reaction to harsh testimony at the sentencing hearing, in which he heard himself described as a 'monster,' 'pedophile,' and 'rapist' by the victim and her family as they recounted the suffering and anguish he inflicted upon them."

*Id.* at 1287 (citations omitted).

In rejecting a *per se* approach to the defendant's request to withdraw his plea, the ***Carrasquillo*** Court explained:

This case, in our view, illustrates why the existing *per se* approach to innocence claims is unsatisfactory. Here, [the defendant's] assertion was first made in sentencing allocution, after the close of the evidentiary record (which, in any event, was dedicated to a different purpose, since no motion to withdraw had been advanced before or during such record's development). No request was made to reopen the record for an orderly presentation in support of [the defendant's] request. Moreover, the bizarre statements made by [the defendant] in association with his declaration of innocence wholly undermined its

- 7 -

> plausibility, particular in light of the Commonwealth's strong evidentiary proffer at the plea hearing. In the circumstances, the common pleas court should not have been required to forego sentencing; rather, we find that it acted within its discretion to refuse the attempted withdrawal of the plea.

*Id.* at 1292-93 (footnote omitted).

Thus, *Carrasquillo* does not stand for the proposition that an assertion of innocence alone is insufficient reason for withdrawing a plea before sentencing. *See id.* at 1292 (acknowledging "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea"); *Commonwealth v. Islas*, 1270 EDA 2016 (Pa. Super. Feb. 24, 2017) (slip op. at 9-10). Rather, the Court reaffirmed that the trial court may exercise discretion when evaluating the assertion of innocence and whether the assertion constitutes fair and just reasons to withdraw a plea. Notably, the *Carrasquillo* Court also maintained the distinction between "[t]he policy of liberality" applicable to presentence plea withdrawals and the higher scrutiny of post-sentence withdrawals under the manifest injustice standard. *See Carrasquillo*, 115 A.3d at 1292; *Islas*, 1270 EDA 2016 at 9; *see generally Commonwealth v. Broaden*, 980 A.2d 124, 128-29 (Pa. Super. 2009) ("'Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.'" (citation omitted)).

In the present case, Appellant clearly and unequivocally asserted his innocence and stated that "he could not live with the plea." *See* Mot. to

Withdraw *Nolo Contendere* Plea, 3/23/15, at 2; N.T., 4/30/15, at 4-5. The trial court did not expressly determine that Appellant's assertion of innocence was incredible, implausible, or insincere. *Cf. Carrasquillo*, 115 A.3d at 1287. Unlike the defendant in *Carrasquillo*, Appellant's assertion was not bizarre or outlandish. *Cf. id.* Moreover, the court did not specifically find that Appellant was attempting to manipulate the justice system. *Cf. id.* Therefore, I cannot conclude that Appellant's assertion was akin to the "bare assertion of innocence" discussed in *Carasquillo*.

Rather than addressing the quality of Appellant's assertion of innocence, the court suggested that the assertion of innocence, in and of itself, did not establish a fair and just reason for withdrawal. *See* Order, 6/26/15, at 4 (unpaginated); Trial Ct. Op., 11/17/15, at 7-8. In support, the court examined the almost two years between the commencement of the action and Appellant's plea and the more than four months between Appellant's plea and his motion to withdraw. The court twice indicated that Appellant did not raise any new allegations in support of his claim of innocence. *See id.* at 8. The court noted Appellant "had ample time to consider his assertion of innocence" and "all of the evidence of the case, including the Commonwealth's evidence or lack thereof," when entering into the agreement. In sum, the court concluded:

> [Appellant's] two (2) primary claims, that he is innocent and that he sought to challenge the Commonwealth's evidence at trial, were not novel to the post-plea proceedings of this case. Both of these assertions were

certainly known to [Appellant] prior to the entry of his negotiated plea and would assuredly have been considered by him and counsel in deciding to accept the plea of nolo contendere. Accordingly, [Appellant's] bases for withdrawal of his plea did not make a colorable demonstration that allowing him to withdraw his plea would have promoted fairness and justice.

Trial Ct. Op. at 8.

The trial court thus suggested that Appellant entered into his plea knowingly, intelligently, and voluntarily under the totality of the circumstances. However, this rationale conflates the standards applicable to a presentence and post-sentence plea withdrawal. *See Carrasquillo*, 115 A.3d at 1292; *Broaden*, 980 A.2d at 128-29. Even if the record reveals some delay by Appellant, I discern no basis to conclude those delays evinced bad-faith, gamesmanship, or a response to the consequence of his plea. Therefore, I would conclude that the trial court erred in its application of *Carrasquillo* and that Appellant's assertion of innocence, in conjunction with his proffered defense based on the credibility of the complainant, establishes fair and just reason for withdrawing his plea.

Lastly, it is well settled that

Even if there is a "'fair and just reason' to permit withdrawal of a guilty plea, withdrawal should not be permitted if "the prosecution has been 'substantially prejudiced.'" It is settled law that "prejudice," in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled.

*Commonwealth v. Blango*, 150 A.3d 45, 51 (Pa. Super. 2016) (citations omitted).

The majority suggests that the passage of time between the filing of the charges and his motion to withdraw his plea would result in prejudice. *See* Majority Mem. at 7. However, the Commonwealth did not assert prejudice when responding to Appellant's request to withdraw his plea, did not create an evidentiary record for the trial court to consider prejudice, and does not argue prejudice on appeal. *See* N.T., 4/30/15, at 6-7; Commonwealth's Mot. for Reconsider. of the Order Allowing Withdraw of Plea, 6/17/15, at 1 (indicating that the Commonwealth was prepared for trial following the trial court's initial withdrawal of Appellant's plea); N.T., 6/25/15, at 9-11 (indicating that the Commonwealth failed to respond to Appellant's assertion that the Commonwealth would not suffer prejudice); *see also* Commonwealth's Brief at 7. Moreover, the record does not indicate that the Commonwealth would be hampered from calling witnesses or presenting the same case it would have before sentencing in this case.

Therefore, under the circumstances of this case, I conclude that Appellant is entitled to relief and would reverse the order denying Appellant's presentence request to withdraw.

Thus, I respectfully dissent.