J-S76011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CRAIG GRAY | |
| Appellant | No. 21 EDA 2016 |

Appeal from the Judgment of Sentence September 12, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000072-2010

BEFORE: STABILE, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED January 12, 2017**

Appellant, Craig Gray, appeals *nunc pro tunc* from the September 12, 2011 judgment of sentence in the Court of Common Pleas of Philadelphia County ("trial court") following his negotiated guilty plea to third degree murder and possession of an instrument of crime ("PIC").[1] Appellant challenges the voluntariness of his plea. Upon review, we affirm.

The trial court summarized the procedural history as follows.

> On September 12, 2011, [Appellant] entered a negotiated guilty plea to murder of the third degree and [PIC] before Judge Carolyn Engel Termin. Also on September 12, 2011, he was sentenced to a term of twenty (20) to forty (40) years imprisonment on the murder conviction and to a concurrent term

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 907, respectively.

of two and one-half (2½) to five (5) years on the [PIC] conviction. [Appellant's] guilty plea and sentencing counsel were Assistant Defenders Roger Schrading, Esq., and Wendy Ramos, Esq.

[Appellant's] motion to withdraw the guilty plea was timely filed on September 22, 2011; it was denied on September 26, 2011. No direct appeal was filed on [Appellant's] behalf.

On September 7, 2012, [Appellant] filed a timely *pro se* PCRA [p]etiton. John P. Cotter, Esquire, was subsequently appointed to represent [Appellant]. On May 6, 2015, [Appellant] filed a counsel[]ed [a]mended PCRA [p]etition arguing that he was eligible for PCRA relief because his trial counsel were ineffective for failure to file a notice of appeal on his behalf despite being instructed to do so. [Appellant] requested that his direct appeal rights be reinstated *nunc pro tunc*.

On December 22, 2015, following an evidentiary hearing on this matter, by agreement of counsel, [Appellant's] appellate rights were reinstated *nunc pro tunc*. On December 28, 2015, [Appellant] filed a timely [n]otice of [a]ppeal *[n]unc [p]ro [t]unc*.

On March 14, 2016, [the trial] court ordered counsel for [Appellant] to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. [] 1925(b). On March 23, 2016, counsel for [Appellant] filed a [] 1925(b) [s]tatement.

Trial Court Opinion, 4/13/2016, at 1-3 (footnotes omitted). The trial court filed a 1925(a) opinion on April 13, 2016.

Appellant raises a sole issue on appeal, "[w]as [Appellant's] guilty plea not knowing[,] intelligent[,] and voluntary because [Appellant's] mental health was such that at the time of the guilty plea he did not understand what he was doing?" Appellant's Brief at 2.

It is well settled "that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjursidictional defects except the

legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "There is no absolute right to withdraw a guilty plea." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa. Super. 2009) (citations omitted). The decision to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013) (citations omitted).

In order to be granted relief, "a defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Broaden*, 980 A.2d at 129 (citations omitted). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* (citations omitted). Furthermore, "a defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001).

In the matter *sub judice* Appellant argues that he was being treated with the antipsychotic drug Risperdal during his guilty plea colloquy and that because of this medication he was unable to understand what was happening at the time of the guilty plea. The following exchange took place during the colloquy:

The Court: Now, I do also have some information about your history of mental illness, that you have never been treated for psychosis, but that you have been treated for other types of mental illness.  And I see from this colloquy that you're currently taking Risperdal.  Is that correct?

[Appellant]:  Yes

The Court:  Very well.  Does that interfere in any way with your ability to understand what's going on around you?

[Appellant]:  No.

The Court:  Are you right now, other than the Risperdal, are you under the influence of any other drugs or alcohol?

[Appellant]:  No.

N.T. Guilty Plea, 9/12/2011, at 5-6.  Appellant's argument fails because he is bound by his statements made during the plea colloquy and may not offer contradictory reasons for withdrawing his plea.  *See Brown*, 48 A.3d at 1277.  The record is clear that Appellant was questioned about his medical history as well as any prescription medications he was taking.  Appellant clearly responded that it did not interfere with his ability to understand what was occurring.  Accordingly, the trial court did not abuse its discretion when it denied Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/12/2017</u>