J-S05001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN L. BURROWS | |
| Appellant | No. 986 MDA 2016 |

Appeal from the Judgment of Sentence Entered June 2, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0002141-2015

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 09, 2017**

Appellant, Shawn L. Burrows, appeals from the judgment of sentence of an aggregate term of 7 to 14 years' incarceration, imposed after he pled guilty to various offenses, including arson. Appellant seeks to raise one issue challenging the voluntariness of his guilty plea. Additionally, his counsel, Julie A. Werdt, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

A detailed recitation of the facts underlying Appellant's convictions is unnecessary to our disposition of the issue he raises on appeal. We need only note that his convictions stemmed from his setting fire to bed sheets while he was an inmate at the State Correctional Institution at Mahanoy. **See** Trial Court Opinion, 8/9/16, at 1. On June 2, 2016, Appellant entered a guilty plea to arson, 18 Pa.C.S. § 3301(a)(1)(ii); institutional vandalism, 18 Pa.C.S. § 3307(a)(3); disorderly conduct, 18 Pa.C.S. § 5503(a)(4); dangerous burning, 18 Pa.C.S. § 3301(d)(1); and criminal mischief, 18 Pa.C.S. § 3304(a)(5). That same day, the trial court sentenced Appellant to an aggregate term of 7 to 14 years' incarceration. The court imposed that sentence to run concurrently with the sentence Appellant was serving at the time he committed his offenses. Pertinent to the issue Appellant raises on appeal, at the conclusion of the plea/sentencing proceeding, Appellant indicated to the court that he would be filing an appeal and, when asked why he planned to do so, Appellant replied (verbatim), "I'm just here thinking, and I just pled guilty to time I would have got if I would have went to trial." N.T. Plea/Sentencing, 6/2/16, at 9-10.

Appellant did not file a post-sentence motion seeking to withdraw his plea. Instead, he filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant presented the following issue:

1) The guilty plea entered by Appellant … was not knowing, understanding, intelligent and voluntary in that Appellant stated at the conclusion of plea court that he intended to file an appeal because the sentence he received would have been the same if he had proceeded to trial and been found guilty.

Pa.R.A.P. 1925(b) Statement, 7/7/16, at 1. The trial court filed an opinion responding to this issue on August 9, 2016.

On November 10, 2016, Attorney Werdt filed a petition to withdraw from representing Appellant. She has also filed an **Anders** brief, asserting that Appellant's issue is frivolous, and that he has no other, non-frivolous claims he could assert on appeal. Accordingly,

> [t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the

court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Werdt's ***Anders*** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Werdt also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief, and she attaches a letter directed to Appellant in which she informs him of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Preliminarily, we must address whether Appellant has waived his challenge to the voluntariness of his guilty plea, based on the comments he made at the conclusion of his plea/sentencing hearing, by not raising this claim before the trial court. Appellant did not seek to withdraw his plea on this basis at the time of the plea proceeding, nor in a post-sentence motion. However, our review of the record demonstrates that Appellant was never informed of his right to file a post-sentence motion, or the time within which to do so, as required by Pa.R.Crim.P. 704(C)(3). Under these circumstances, we decline to conclude that Appellant has waived his challenge to the voluntariness of his guilty plea.

Nevertheless, having carefully reviewed the record in this case, we agree with Attorney Werdt that Appellant's post-sentence challenge to his plea is frivolous. This Court has declared:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009).

In this case, Appellant claims that his plea was involuntary because he stated, at the close of the plea/sentencing hearing, that he got the same sentence he would have received had he proceeded to trial. **See** N.T.

Plea/Sentencing at 10 (Appellant's stating, "I just pled guilty to time I would have got if I would have went to trial"). This comment does not convey that Appellant's plea was involuntary; rather, it evinces that Appellant was using his guilty plea as a sentence testing device. Consequently, Appellant's remark does not demonstrate manifest injustice that requires the withdrawal of his plea. *See Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (stating that, "disappointment by a defendant in the sentence actually imposed does not represent manifest injustice" warranting the post-sentence withdrawal of a guilty plea) (citation omitted).

This is especially true where the record demonstrates that Appellant entered his plea voluntarily, knowingly, and intelligently. This Court has declared that "[a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (citing, *inter alia*, Comment to Pa.R.Crim.P. 590(A)(2)).

Here, Appellant was informed of the nature of the charges and the facts underlying each offense. N.T. Plea/Sentencing, 6/2/16, at 5-6. The court also informed him of his "absolute right to go to trial on these charges[,]" his "right to a trial by jury[,]" and that "the Commonwealth would have to prove [him] guilty beyond a reasonable doubt." *Id.* at 3. Appellant stated that he understood. *Id.* at 4.

The court also asked Appellant if he had completed the comprehensive written plea colloquy with the assistance of his attorney, and he stated that he had. *Id.* at 3. In that document, Appellant was notified that if he chose to go to trial, he would be "presumed to be innocent unless and until [he was] proven guilty beyond a reasonable doubt[.]" Written Plea Colloquy, 6/2/16, at 2 ¶ 18. The written colloquy also informed Appellant of the sentencing guideline ranges applicable to his offenses, and of the maximum sentence and fine he faced for each charge. *Id.* at "Schedule A." Appellant indicated that he "fully underst[ood] the maximum permissible sentences and/or fines that [could] be imposed for the crime/crimes charged as set forth in Schedule 'A.'" *See id.* at 2 ¶ 13. Additionally, the written plea colloquy informed Appellant that the trial court was not bound by the plea agreement. *Id.* at 2 ¶ 14.

In addition to inquiring into the six required areas, the court also asked Appellant if he was under the influence of any "drugs, alcohol or medication" that would impair his ability to understand what he was doing, or if he had any mental illness that would impact his ability to enter a knowing, intelligent, and voluntary plea. *Id.* at 2-3. Appellant responded "[n]o" to both questions. *Id.* at 2-3. Appellant also declared that he was pleading guilty of his own free will, that no one had forced him to enter a plea, and that he was satisfied with the representation of his attorney. *Id.* at 4, 6-7.

Based on this record, we conclude that Appellant's plea was knowing, intelligent, and voluntary. The fact that Appellant is unhappy with the sentence he received does not constitute a manifest injustice warranting Appellant's withdrawal of that plea. Accordingly, we agree with Attorney Werdt that the issue Appellant seeks to raise on appeal is frivolous. Moreover, our independent review of the record does not reveal any non-frivolous issues that Appellant could assert. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017