J-S13013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HYKEEM DAVIS, | |
| Appellant | No. 1641 EDA 2016 |

Appeal from the Judgment of Sentence Entered December 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002632-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 18, 2017**

Appellant, Hykeem Davis, appeals from the judgment of sentence of 1 to 23 months' incarceration, followed by 2 years' probation, imposed after he pled guilty to simple assault and resisting arrest.  On appeal, Appellant seeks to challenge the trial court's denial of his post-sentence motion to withdraw his guilty plea.  However, his counsel, David M. Simon, Esq., has concluded that this claim is frivolous and, therefore, counsel has filed a petition to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

We briefly summarize the facts underlying Appellant's conviction as follows. On February 26, 2015, at approximately 7:00 a.m., a Temple University Police Officer observed Appellant commit multiple motor vehicle infractions, including traveling through a red traffic signal and failing to stop at a stop sign. *See* Trial Court Opinion (TCO), 9/15/16, at 2 (unnumbered; citation to the record omitted). The officer called for backup, and with the assistance of two other officers, they conducted a traffic stop of Appellant's vehicle. *Id.* During the stop, Appellant became irate and began to drive away, running over one officer's foot. *Id.* After a short pursuit, the officers were able to force Appellant to stop his vehicle. *Id.* Appellant then exited his car, aggressively approached the officers, and resisted as they attempted to arrest him. *Id.* Ultimately, it took several officers to subdue Appellant and place him into custody. *Id.*

On December 16, 2015, Appellant, who was represented by Attorney Simon, entered a negotiated guilty plea, by which he pled guilty to resisting arrest and simple assault in exchange for a sentence of 1 to 23 months' incarceration with immediate parole, followed by a term of 2 years' probation. Shortly thereafter, Appellant filed a post-sentence motion seeking to withdraw his plea. "The basis for seeking withdrawal was the decision of the Probation Department to place [Appellant] on high-risk probation, which he asserted included unspecified 'additional obligations above and beyond the negotiated sentence.'" TCO at 3 (unnumbered). On

April 21, 2016, Appellant's motion to withdraw his guilty plea was denied by operation of law.

Appellant filed a timely notice of appeal. On June 6, 2016, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. That order informed Appellant that "[a]ny issue not properly included in the statement, timely filed and served, shall be deemed waived." Trial Court Order, 6/6/16. Nevertheless, Appellant's counsel, Attorney Simon, never filed a Rule 1925(b) statement on Appellant's behalf. On September 15, 2016, the trial court filed a Rule 1925(a) opinion, concluding that Appellant had waived any issue(s) he sought to raise on appeal. *See* TCO at 3 (unnumbered). Nevertheless, the court provided an alternative analysis of the issue Appellant presented in his post-sentence motion to withdraw his guilty plea, concluding that it is meritless. *See id.* at 3-5 (unnumbered).

On December 11, 2016, Attorney Simon filed with this Court a petition to withdraw from representing Appellant. He has also filed an *Anders* brief, asserting that the issue Appellant raised in his post-sentence motion to withdraw his guilty plea is frivolous, and that Appellant has no other, non-frivolous issues he could assert on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Simon's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could

arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Simon also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We must now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues Appellant could pursue on appeal.

Preliminarily, however, we chastise Attorney Simon for not filing a Rule 1925(b) statement on Appellant's behalf, or a Rule 1925(c)(4) statement of his intent to file an **Anders** brief and petition to withdraw. Attorney Simon's failure in this regard constitutes *per se* ineffectiveness, and we could remand under Rule 1925(c)(3) for counsel to file a statement *nunc pro tunc*. However, we decline to do so in this case, as the trial court addressed in its Rule 1925(a) opinion the only issue Appellant seeks to raise on appeal. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) (stating that, where the trial court has addressed the issues sought to be raised on appeal, we need not remand for the filing of a concise statement *nunc pro tunc*).

In that issue, Appellant contends that the trial court should have granted his post-sentence motion to withdraw his guilty plea. We begin by

recognizing that a post-sentence motion to withdraw a guilty plea is "subject to higher scrutiny" than a pre-sentence withdrawal motion, "since courts strive to discourage entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (citation omitted). "A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." ***Id.*** (citation omitted). "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Id.*** (citations omitted).

In Appellant's post-sentence motion, which was drafted by Attorney Simon, counsel averred that Appellant should be permitted to withdraw his guilty plea because the probation department has imposed stricter conditions on Appellant's term of probation than he anticipated he would receive. However, Attorney Simon never explicitly stated ***what*** those stricter conditions are; instead, counsel simply declared that Appellant has been placed on "high-risk probation" and, "[a]s a result…, he must fulfill additional obligations above and beyond the negotiated sentence." Post-Sentence Motion, 12/23/15, at 2. Because Attorney Simon failed to identify the specific, 'additional obligations' that have ostensibly been imposed upon Appellant, we cannot concluded that Appellant's negotiated plea agreement was violated. Therefore, the trial court did not err in denying Appellant's post-sentence motion to withdraw his guilty plea.

In sum, based on Attorney Simon's own insufficient pleading in Appellant's post-sentence motion, we are compelled to deem frivolous the issue Appellant now seeks to raise on appeal.[1] Additionally, our independent review of the record reveals no other, non-frivolous issues that Appellant could raise herein. Thus, we affirm his judgment of sentence and reluctantly grant Attorney Simon's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017

---

[1] While we express no opinion on the merits of the matter, we note that Appellant can challenge the effectiveness of Attorney Simon's representation in a timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.