J-S16026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS MICHAEL TATE | : | |
| | : | No. 1299 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence May 16, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000423-2016,
CP-22-CR-0006613-2015

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 24, 2018**

Nicholas Michael Tate (Appellant) appeals from the judgment of sentence imposed by the trial court after he pled guilty at docket CP-22-CR-0006613-2015 to the charges of possession with the intent to deliver a controlled substance (PWID) and possession of drug paraphernalia,[1] and at docket CP-22-CR-0000423-2016 to the charges of receiving stolen property, persons not to possess a firearm, flight to avoid apprehension, tampering with or fabricating physical evidence, PWID, possession of a small amount of

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), (32).

marijuana, and possession of drug paraphernalia.[2]  We affirm.

We summarize the material facts leading to the charges at docket CP-22-CR-0006613-2015 as follows.  On August 22, 2015, Appellant was involved in an automobile accident while driving along South Oak Grove Road in West Hanover Township, Dauphin County.  Witnesses at the scene of the accident indicated that they observed Appellant throw a small plastic baggie into a line of trees.  The witnesses directed the police to the baggie, which contained 121 grams of marijuana.  Appellant was severely injured in the accident and consequently, transported to Hershey Medical Center (Hospital).  Hospital staff later contacted the police to inform them that they had recovered an additional 122 grams of marijuana from four plastic baggies found in Appellant's backpack.

The pertinent facts leading to the charges at docket CP-22-CR-0000423-2016 are as follows.  On January 1, 2016, Appellant's great aunt, Karen Symonds (Symonds), reported to the Derry Township Police that she believed Appellant was selling drugs out of her house in Dauphin County.  On January 2, 2016, Symonds brought marijuana to the police that she claimed belonged to Appellant.  The police obtained a search warrant for Symonds' home based on this information.  On January 3, 2016, the police executed the search warrant at which time Appellant attempted to flee the home.  The police were

---

[2]  18 Pa.C.S.A. §§ 3925(a), 6105(a)(1), 5126(a), 4910(1); 35 P.S. § 780-113(a)(30), (31), (32).

ultimately able to detain Appellant. Upon searching the premises, police recovered several guns, ammunition (including hollow point rounds), marijuana, packaging material, four cellphones, a bulletproof vest, and 11 letters regarding drug sales and other illegal activity.

On May 16, 2016, Appellant entered a negotiated guilty plea to all charges on both of the aforementioned dockets. The same day, the trial court sentenced Appellant to three to six years of incarceration. Appellant did not file any post-sentence motions or a direct appeal at that time.

On March 24, 2017, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking the reinstatement of his direct appeal rights *nunc pro tunc*. The trial court summarized the remainder of the procedural history as follows:

> The [c]ourt appointed Jennifer Tobias, Esq., as PCRA counsel. On May 2, 2017, Attorney Tobias filed a counseled PCRA Petition, to which the Commonwealth filed an Answer on May 23, 2017.
>
> On June 2, 2017, the [c]ourt conducted an evidentiary hearing. On July 19, 2017, the [c]ourt ordered reinstatement of [Appellant]'s post-sentence and [direct appeal] rights. The [c]ourt directed that [Appellant] shall file any post-sentence motion within ten days thereof, or an appeal to the Pennsylvania Superior Court within 30 days thereof.
>
> On July 26, 2017, [Appellant] filed a Motion to Withdraw Guilty Plea to which the Commonwealth filed a Response on July 31, 2017. On August 10, 2017, the [c]ourt denied [Appellant]'s Motion to Withdraw Guilty Plea.
>
> [Appellant] filed a Notice of Appeal on August 17, 2017 and a timely Concise Statement of Matters Complained of on Appeal on September 13, 3017.

Trial Court Opinion, 10/31/17, at 4.

On appeal, Appellant presents the following issues for review:

1.     Whether [] Appellant's guilty plea was unlawfully induced by the ineffectiveness of counsel?

a.     Whether [] Appellant's guilty plea was not knowing, voluntary, and intelligently entered, as he was under the influence of psychotropic drugs at the time of the plea?

b.     Whether [] Appellant's guilty plea was coerced, as [] Appellant felt pressured into pleading guilty?

Appellant's Brief at 5.

As a preliminary matter, we note that Appellant attempts to frame the entirety of his argument relating to the voluntariness of his guilty plea as an ineffective assistance of counsel claim. Our Supreme Court has held that "[g]enerally, claims of ineffectiveness of counsel are not ripe until collateral review." *Commonwealth v. Knox*, 165 A.3d 925, 928 (Pa. Super. 2017), *appeal denied*, 173 A.3d 257 (Pa. 2017). Ineffective assistance of counsel claims are permitted on direct review, at the discretion of the trial court, only where there exists: (1) extraordinary circumstances, or (2) good cause accompanied by a knowing and express waiver of PCRA rights. *Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013). Exceptional circumstances exist where "a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." *Id.* at 577. Here, Appellant makes no argument that extraordinary circumstances exist nor has he waived PCRA review. Therefore,

- 4 -

insofar as Appellant challenges his plea counsel's effectiveness, such claims must await collateral review.[3]

To the extent Appellant challenges the voluntariness of his guilty plea, we conclude that the trial court did not err in denying his motion to withdraw his plea. Appellant argues that the trial court should have permitted him to withdraw his guilty plea because it was not knowing, voluntary, or intelligent, as Appellant was under the influence of psychotropic medication at the time of his plea. Appellant further asserts that the plea was involuntary because his counsel coerced him into pleading guilty by telling him that if he did not accept the plea agreement, he would be prosecuted by the "feds," and as a result, counsel's fees would triple and Appellant would spend more time in prison. Appellant's Brief at 16.

Our Court has held that "[t]here is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011). "[P]ost-sentence motions for withdrawal are subject to higher

---

[3] Although we could affirm Appellant's judgment of sentence on this basis alone, for purposes of judicial economy, we address the merits of his challenge to the trial court's denial of his motion to withdraw his guilty plea.

scrutiny [because] courts strive to discourage entry of guilty pleas as sentence-testing devices." ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) (quotations and citation omitted). Importantly, "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013), ***appeal denied***, 87 A.3d 319 (Pa. 2014). Our Court has held that "[a] plea rises to the level of manifest injustice when it is entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002)).

Prior to accepting a guilty plea, a trial court must determine on the record whether it is voluntarily, knowingly, and intelligently tendered. ***See*** Pa.R.Crim.P. 590(a)(3). In order to ensure a voluntary, knowing, and intelligent plea, our Supreme Court requires that a trial court, at a minimum, ask the following questions during a plea colloquy:

1) Does the defendant understand the nature of the charges to which he is pleading guilty?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he has the right to a trial by jury?

4) Does the defendant understand that he is presumed innocent until he is found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6)     Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007).

Additionally, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (citation omitted). In assessing the adequacy of a guilty plea colloquy and the voluntariness of the subsequent plea, "the court must examine the totality of circumstances surrounding the plea." *Broaden*, 980 A.2d at 129.

Instantly, the record supports the trial court's determination that Appellant entered a knowing, voluntary, and intelligent guilty plea and that he failed to demonstrate a manifest injustice warranting the withdrawal of his plea. At the outset, we note that the certified record reflects that Appellant received a full and proper guilty plea colloquy. During the colloquy, Appellant confirmed that he understood the nature of the charges to which he was pleading guilty, the factual basis for the plea, and that Appellant was aware of the permissible ranges of sentences for the offenses charged. N.T., 5/16/16, at 2-5, 7-11. Appellant also indicated that he was aware that, by pleading guilty, he was giving up his right to be presumed innocent and his right to a trial by jury:

> [Commonwealth]:    By pleading guilty you give up certain constitutional rights such as your right to be presumed innocent, the right to have a trial, the right to see any evidence the Commonwealth would present, the right to present any evidence

on your own behalf, the right to testify, the right not to testify, the right to file any pretrial motions. Those are all the rights you give up by pleading guilty today. Do you understand that[?]

[Appellant]: Yes, sir.

*Id.* at 5. Additionally, the trial court indicated that it would sentence him according to the negotiated plea agreement. *Id.* at 15-17.

With respect to his claim that psychotropic medications precluded him from rendering a knowing, voluntary and intelligent plea, no evidence of record supports this claim. At the guilty plea hearing, the prosecutor noted for the trial court that Appellant had a history of mental health problems, but also noted that since Appellant had been incarcerated and regularly taking his medications, his demeanor and social interactions had substantially improved. N.T., 5/16/16, at 14-15. At no point during this discussion did Appellant claim that these medications impacted his ability to make a knowing, voluntary, and intelligent plea. In fact, he thanked the prosecutor for his remarks. *See id.* If anything, the prosecutor's comments demonstrate that the medications aided Appellant in making a knowing, voluntary, and intelligent plea.

There is also no evidence of record supporting Appellant's claim that his counsel coerced him into pleading guilty. At his guilty plea hearing, Appellant specifically indicated that he was satisfied with the representation of his counsel. *Id.* at 3-4. Moreover, when asked if "anyone threatened, coerced you, or made any promises to you other than the plea agreement we reached to get you to enter into this plea today[,]" Appellant responded in the

negative. *Id.* at 5-6. When asked if he was "entering into this plea of your own freewill," Appellant responded "Yes, sir." *Id.* at 6. Appellant never indicated during the hearing that counsel coerced him into pleading guilty, and he has not subsequently provided any evidence of coercion. "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012). Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/24/18