J-S61006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL QUINONES, | |
| Appellant | No. 3126 EDA 2016 |

Appeal from the PCRA Order Entered September 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015036-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED NOVEMBER 20, 2018**

Appellant, Angel Quinones, appeals from the post-conviction court's September 21, 2016 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant's counsel, Peter A. Levin, Esq., has filed a ***Turner/Finley***[1] 'no-merit' letter and a petition to withdraw from representing Appellant, to which Appellant has filed a *pro se* response.  After careful review, we grant counsel's petition to withdraw and affirm the order denying Appellant PCRA relief.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Briefly, Appellant was arrested and charged with various sexual offenses after his 12-year-old step-daughter disclosed to her school counselor that Appellant had been having sexual intercourse with her several times a week since she was 10 years old. In a statement to police, Appellant admitted that he had sex with the victim, but claimed that he did not force her to do so. Appellant was arrested on November 20, 2009.

On August 23, 2010, [Appellant] appeared before the Honorable Lisa Rau, for a guilty plea hearing and signed a Colloquy for Plea of Guilty/*Nolo Contendere* for the charges of rape, unlawful contact with a minor, and corruption of a minor. On September 2, 2010, [Appellant] filed a Motion to Withdraw Guilty Plea. The Motion was granted by … [Judge] Rau and an Order was issued on December 2, 2010. On August 15, 2010, [Appellant] litigated a Motion To Suppress Physical Evidence[,] statements, oral and written[,] and identification. On August 15, 2011, the Honorable Earl W. Trent, Jr. heard and denied said Motion To Suppress Physical Evidence. On August 15, 2011, [Appellant] entered into a negotiated guilty plea. At said guilty plea hearing, [Appellant pled] … guilty of the charges of rape, [involuntary deviate sexual intercourse (IDSI) by] [f]orcible [c]ompulsion, and unlawful contact with a minor. Following the guilty plea hearing, [Appellant] was sentenced to a term of not less than seven (7) years['] and not more than eighteen (18) years['] incarceration at a state correctional institution, followed by ten (10) years['] reporting probation. [Appellant] was [also ordered] to pay court costs of $852.50 and must register under Megan's Law as a sex offender when released.

On February 6, 2012, [Appellant] filed a *Pro Se* Petition under the [PCRA], alleging a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States, etc., and he more poignantly alleged ineffective assistance of counsel. After being appointed counsel, [Attorney] Levin, … [Appellant] filed an Amended Petition and Memorandum of Law under the PCRA alleging that trial counsel was ineffective for giving [Appellant] erroneous information about his right[] to appeal and [for] failing to file a motion to withdraw his guilty plea.

PCRA Court Opinion, 1/8/18, at 1-3 (footnote omitted).

The PCRA court conducted an evidentiary hearing on September 21, 2016. After that proceeding, the court entered an order denying Appellant's petition. Appellant filed a timely notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 9, 2018, Attorney Levin filed with this Court his no-merit letter and a petition to withdraw. Appellant filed a *pro se* response on June 11, 2018.

We must begin by determining if Attorney Levin has satisfied the requirements for withdrawal. In *Turner*, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" *Turner*, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in *Finley*, were updated by this Court in *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),[2] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

---

[2] In *Pitts*, our Supreme Court abrogated *Friend* "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." *Pitts*, 981 A.2d at 879. In this case, Attorney Levin filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

Instantly, Attorney Levin has complied with the requirements of *Turner*/*Finley*. Specifically, in his no-merit letter, counsel details the nature and extent of his review, addresses the claims Appellant raised in his PCRA petition, and discusses his conclusion that those issues lack merit. *See* No-merit Letter, 5/9/18, at 4-9. Additionally, counsel served Appellant with a copy of the petition to withdraw and *Turner*/*Finley* no-merit letter, advising Appellant that he had the right to proceed *pro se* or with privately retained counsel. Thus, we will conduct an independent review of the merits of Appellant's claims.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's

determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant first contends that his plea counsel acted ineffectively by erroneously telling him that no direct appeal could be filed on his behalf. More specifically, Appellant testified at the PCRA hearing that he wished to challenge his sentence on appeal, but counsel told him "that [he] didn't have any right for any appeal." N.T. Hearing, 9/21/16, at 9. However, Appellant's plea counsel also testified at the PCRA hearing, stating that he never said that to

Appellant. *Id.* at 19. The PCRA court was free to credit plea counsel's testimony, and this Court is bound by that determination. *See Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999) (stating that an appellate court is bound by credibility determinations of the PCRA court where they are supported by the record).

Moreover, plea counsel testified that Appellant never asked him to file an appeal, N.T. Hearing at 19, and Appellant also conceded that he did not do so, *id.* at 9.[3] It is well-settled that, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006) (citation omitted). Accordingly, we discern no error in the PCRA court's dismissing this ineffectiveness claim.

Next, Appellant maintains that plea counsel was ineffective for not filing a motion to withdraw Appellant's guilty plea. Again, Appellant failed to present evidence to prove this claim. At the PCRA hearing, Appellant admitted that after sentencing, he "didn't ask [counsel] to do anything." N.T. Hearing at 9. Moreover,

---

[3] In Appellant's *pro se* response to Attorney Levin's petition to withdraw, Appellant claims that he "erroneously" testified that he did not ask for an appeal because he is "a Spanish speaking defendant who understands very little [E]nglish…." Appellant's *Pro Se* Response, 6/8/18, at 4. However, Appellant had an interpreter at the PCRA hearing, *see* N.T. Hearing at 4, and he never indicated that he was not understanding the questions being asked of him.

post-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions,] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Here, while Appellant did not explicitly state on what basis he would have sought to withdraw his plea after sentencing, his PCRA hearing testimony suggests that he would have contended that his plea was invalid because he did not understand the agreed-upon sentence when he entered that plea. Appellant also claims in his *pro se* response to Attorney Levin's petition to withdraw that he did not enter a knowing or intelligent plea because he does not speak English. **See** Appellant's *Pro Se* Response at 4.

Neither of these claims is supported by the record. Initially, on cross-examination at the PCRA hearing, Appellant acknowledged that the written plea colloquy stated that his sentence would be 7 to 15 years' incarceration, plus 10 years' probation. N.T. Hearing at 12. Appellant signed that colloquy just under the words: "I have read all of the above or my lawyer read it to me; I understand it; my answers are all true and correct." **Id.** Moreover, Appellant also conceded that, at the sentencing proceeding, his attorney informed him that "the agreement with the district attorney that the Judge

- 7 -

will review is for a sentence of seven to [fifteen] years to be followed by ten years['] probation and also … credit for any time that [Appellant had already] served." *Id.* at 13. Additionally, plea counsel testified at the PCRA hearing that he speaks fluent Spanish, which is why he was appointed to represent Appellant. *Id.* at 18. Counsel explained that he and Appellant had "extensively" discussed the plea agreement and sentence before Appellant decided to accept that plea agreement. *Id.* at 19. Given this record, Appellant has failed to demonstrate that he was prejudiced by his counsel's not filing a post-sentence motion seeking to withdraw his plea on the basis that he did not understand the sentence he would receive.

In sum, we agree with Attorney Levin that the two ineffectiveness claims that Appellant seeks to raise on appeal are meritless. However, we must also briefly address Appellant's argument in his *pro se* response to counsel's no-merit letter. Therein, Appellant seemingly contends that Attorney Levin acted ineffectively by seeking to withdraw where Appellant's issues have merit, and by not "communicat[ing] with Appellant prior to, and immediate[ly] after the evidentiary hearing." Appellant's *Pro Se* Response at 4 (unnumbered). According to Appellant, had counsel met with him, counsel "would have known, and therefore would have made a determination that Appellant did not understand the [E]nglish language well enough to render his guilty plea 'knowingly and intelligently'…." Appellant's *Pro Se* Response at 4.

First, for the reasons stated *supra*, Attorney Levin was not ineffective for concluding that Appellant's claims are meritless and seeking to withdraw

on that basis. Additionally, as discussed above, Appellant's assertion that his plea was invalid because he does not speak English is not supported by the record and, thus, Attorney Levin did not err by failing to argue it in his amended petition. Nevertheless, even if this issue had arguable merit, it would be deemed waived, where it could have been presented on direct appeal but was not. **See** 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the petitioner must prove that the claim has not been previously litigated or waived); 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding."). Therefore, Attorney Levin did not act ineffectively.

For these reasons, we conclude that the issues raised by Appellant in his PCRA petition are meritless, as are the arguments presented in his *pro se* response to Attorney Levin's petition to withdraw. Therefore, we affirm the PCRA court's order dismissing his petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18

- 9 -