J-S72004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANEURI ANTONIO PENA | : | |
| | : | |
| Appellant | : | No. 996 MDA 2018 |

Appeal from the Judgment of Sentence April 11, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004964-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 30, 2019**

Aneuri Antonio Pena appeals from the judgment of sentence of six months of probation after he pled guilty to harassment and disorderly conduct. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm the judgment of sentence.

The Commonwealth charged Appellant with one count each of aggravated assault, simple assault, harassment, and disorderly conduct, arising from an incident in Berks County, Pennsylvania.  On October 7, 2017, police took Appellant to the Reading hospital for medical clearance before incarceration.  Once at the hospital, Appellant resisted medical treatment, causing security guards and medical staff to attempt to position Appellant into

four-point restraints. During the scuffle, Appellant bit the finger of a nurse's assistant and spit in the face of a security guard.

On April 11, 2018, Appellant appeared before the trial court to enter an open guilty plea, under which the Commonwealth would withdraw the aggravated and simple assault charges in exchange for Appellant's guilty plea to the remaining offenses. N.T. Guilty Plea/Sentencing, 4/11/18, at 2. The court engaged in a colloquy of Appellant, wherein he demonstrated a knowledge of the charges pending, the elements of the offenses, and the maximum penalties for each offense. *Id*. at 3-9. Appellant verified his understanding that, in exchange for his guilty plea, he would give up his right to a jury trial on the simple assault and aggravated assault and a bench trial on the summary charges. *Id*. at 5-6. The trial court accepted the plea and Appellant immediately proceeded to sentencing. Appellant received an aggregate sentence of six months of probation. *Id*. at 9.[1]

On April 17, 2018, Appellant filed a post-sentence motion asking to withdraw his guilty plea. In the motion, Appellant averred that withdrawal was necessary "to correct a manifest injustice," because he was innocent, and because "he was overwhelmed with the plea process." Post-Sentence Motion, 4/17/18, 1-2. The trial court denied Appellant's motion and Appellant filed a timely notice of appeal. The trial court made no request for a concise

---

[1] Appellant was also ordered to pay costs of supervision and a fifty-dollar fine.

statement of errors complained of on appeal, but issued its 1925(a) statement on July 20, 2018.

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. Counsel set forth the case history, referred to an issue that arguably supports the appeal, stated her conclusion that the appeal is frivolous, and cited to controlling case law which supports that conclusion. **See Anders** brief at 9-24. Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[2] **See Santiago**, **supra**; Letter, 9/17/18, at 1-2. Accordingly, we proceed to an examination of the issue raised to discern if it is frivolous. **Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified one issue that arguably supports this appeal: "[w]hether the trial court erred when it denied Appellant's petition to withdraw

---

[2] Appellant did not file a response to counsel's petition.

- 4 -

his guilty plea, even though said guilty plea was not made knowingly, intelligently, or voluntarily." ***Anders*** brief at 8.

In ***Commonwealth v. Broaden***, 980 A.2d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas:

> post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Id***. at 129 (citations omitted).

A court accepting a defendant's plea is required to conduct an on-the-record inquiry, which explores the following areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?[;] (2) is there a factual basis for the plea?[;] (3) does the defendant understand that he or she has the right to a trial by jury?[;] (4) does the defendant understand that he or she is presumed innocent until found guilty[;] (5) is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?[; and] (6) is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Commonwealth v. Pollard,*** 832 A.2d 517, 522-23 (Pa.Super. 2003) (citations omitted); ***see also*** Pa.R.Crim.P. 590. Moreover, "[o]ur law

presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Pollard***, ***supra*** at 523.

Upon review, we discern that the plea colloquy complied with Pa.R.Crim.P. 590. The court inquired at length concerning Appellant's understanding of the nature of the charges he faced and the terms of the plea agreement. N.T. Guilty Plea/Sentencing, 4/11/18, at 2-9. More specifically, it listed the offenses charged, the elements which the Commonwealth would have to prove if Appellant chose to proceed to trial, and the maximum penalties he faced if convicted. ***Id***. at 4-6. It also reminded Appellant that he had the right to have a jury trial on the aggravated and simple assault charges, and to proceed to a bench trial on the summary offenses. ***Id***. at 5. Finally, it advised Appellant that he was presumed innocent and incorporated his written guilty plea colloquy into the record. ***Id***. at 3, 5.

During the colloquy, Appellant initially expressed hesitation about the guilty plea going forward, because he felt that he was being "coerced a little," did not "feel like [he was] really understanding the case," and wanted "better knowledge of the legal strategy." ***Id***. at 4. Appellant's attorney immediately responded that she was ready to proceed to trial. ***Id***. However, once the trial court explored Appellant's concerns by engaging in a detailed discussion of the entire process with Appellant, and his counsel stated the facts of the case in conjunction with the various elements that the Commonwealth would have

to prove at trial, Appellant's concerns were alleviated and he expressed his desire to plead guilty. *Id*. at 7-9.

Upon our independent review of the record, we discern no manifest injustice that would support the post-sentence withdrawal of Appellant's guilty plea. The guilty plea colloquy irrefutably establishes that the trial court made the appropriate inquiries and that Appellant entered his plea knowingly, intelligently, and voluntarily. Appellant willingly availed himself of the benefits of the plea agreement and is bound by the statements he made during his written and oral guilty plea colloquies. *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds of withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted). Therefore, for all of the foregoing reasons, Appellant's claim is devoid of merit.

Further, we have conducted a "full examination of the proceedings" and determined that "the appeal is in fact wholly frivolous."[3] *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015). Since our review did not

---

[3] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). No viable claims or defenses on those subjects are apparent from the record before us.

disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence. ***Dempster***, ***supra*** at 273.

Petition of Lauren E. Otero, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2019