J-S27028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CALIL TIMAZEE | : | |
| | : | |
| Appellant | : | No. 2168 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004012-2017

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 08, 2020**

Calil Timazee (Appellant) appeals from the judgment of sentence[1]
entered in the Philadelphia County Court of Common Pleas, following his guilty
plea to third-degree murder and possessing instruments of crime[2] (PIC).
Appellant's attorney, Earl Kauffman, Esquire (Counsel), has filed an

---

* Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the order, entered July 12, 2019, denying his post-sentence motion. However, the appeal lies properly from the judgment of sentence, entered June 17, 2019. We have amended the caption accordingly.

[2] 18 Pa.C.S. §§ 2502(c), 907(a), respectively.

**Anders**/**Santiago**[3] brief and petition to withdraw from representation. We grant Counsel's petition and affirm the judgment of sentence.

The Commonwealth presented the following allegations at the plea hearing. Boris Kimber, Jr. (Victim), and his girlfriend, Imani Talbert,[4] were temporarily staying at Appellant's apartment. N.T. Guilty Plea, 4/22/19, at 24. "[O]n April 24[,] 2017, just several minutes after midnight," Appellant, Victim, and Talbert were at the apartment.[5] *Id.* at 23. Appellant

> informed [Victim] and his girlfriend that due to ongoing problems they were no longer welcome in his home, and an argument ensued.
>
> [Victim] made threats against [Appellant] and his girlfriend. He then sat down in the living room[. H]e was smoking a cigarette with his left hand, when [Appellant] pulled out a 40-caliber Glock that he was legally licensed to carry. He shot [Victim] nine times as [Victim] was seated smoking a cigarette.
>
>         *     *     *
>
> [Victim sustained nine gunshots. H]e was unarmed at the time.

---

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)

[4] Talbert's first name is also spelled "Emani" elsewhere in the record. **See** N.T. Motions, 7/12/19, at 5.

[5] At the plea hearing, the Commonwealth first stated Appellant's girlfriend was also present at the apartment, but later stated, without specifying who, "the girlfriend [was] the only other person in the room at the time of the shooting." N.T., 4/22/19, at 23-24, 27. At the sentencing hearing, defense counsel clarified the eyewitness to the shooting was Victim's girlfriend, Talbert. N.T. Sentencing, 6/17/19, at 3-4.

[Victim's girlfriend, Talbert,] would testify to all of the above if called at trial, including the fact that [Victim] did not have a gun, a knife, or anything else in his hands or on his person aside from the cigarette . . . .

[Appellant] called 911. He reported to the operator he had shot [Victim] in self-defense. He specifically said that he had shot him multiple times in his chest.

*Id.* at 24-25. Victim was pronounced deceased at the scene. *Id.* at 25.

Appellant was charged with various offenses. On April 22, 2019, the day a jury trial was to commence, Appellant entered a non-negotiated guilty plea to third-degree murder and PIC.[6]

On June 17, 2019, the parties appeared for sentencing. Appellant's counsel made an oral motion to withdraw the plea, arguing Appellant "ha[d] just informed [him] that his family . . . found some social media posts," sent from Talbert to Appellant's girlfriend, "indicating that [Talbert] was dishonest to the police about what she told them[.]" N.T., 6/17/19, at 2-3. Counsel, however, acknowledged he had not seen any of the alleged social media posts, but was merely provided this information. *Id.* at 3. The court denied Appellant's withdrawal motion. The court, which had reviewed the pre-sentence investigation report (PSI), then imposed a sentence of 20 to 40 years' imprisonment on the third-degree murder conviction. No further penalty was imposed for PIC.

---

[6] We note the certified record does not include any written plea colloquy.

Appellant filed a timely post-sentence motion, seeking leave to withdraw his guilty plea, as well as reconsideration of his sentence. The trial court conducted a hearing on July 12, 2019, at which Appellant argued Talbert sent Facebook messages to Appellant's girlfriend, admitting that Victim "was violent[ and] had beaten her up . . . which is in direct contradiction to her statement and her testimony at the preliminary hearing" that Victim was not violent. N.T., 7/12/19, at 5-6, 17. Appellant also testified he previously witnessed Victim act violently toward Talbert, but believed he "had to plead guilty because there was no way to prove [Talbert] was lying." *Id.* at 11-12. Upon further examination, however, Appellant admitted he was in possession of the messages the week prior to the shooting — two years prior to his plea. *Id.* at 21-22, 35. Appellant explained that with the confiscation of his phone upon arrest and all that was occurring, "[t]he last thing [he] was thinking about was messages in [his] phone." *Id.* at 33. The trial court denied Appellant's request to withdraw his plea. Additionally, following further argument, the court denied reconsideration of Appellant's sentence.

Appellant filed a timely *pro se* notice of appeal.[7] Subsequently, the court granted Appellant's attorney's motion to withdraw from representation and

---

[7] Although Appellant was represented by counsel, the court clerk properly docketed his *pro se* notice of appeal. *See* Pa.R.Crim.P. 576(A)(4) (if represented criminal defendant submits for filing a notice of appeal that has not been signed by his attorney, the clerk of courts shall accept it for filing, and a copy of the time-stamped document shall be forwarded to defendant's

appointed current counsel, Attorney Kauffman. In response to the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Counsel filed a statement of intent to file an **Anders** brief.[8] **See** Pa.R.A.P. 1925(c)(4) (2014) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders**/**McClendon**[9] brief in *lieu* of filing a Statement.").

Counsel's **Anders** brief presents three claims:

1. Whether the trial court abused its discretion when it denied [A]ppellant's Motion to Withdraw his Non-Negotiated Guilty Plea prior to being sentenced.

2. Whether the trial court abused its discretion when it denied [A]ppellant's second try to withdraw his guilty plea, post-sentence, based on [A]ppellant's after-discovered evidence.

3. Whether the trial court abused its discretion when it sentenced [A]ppellant to a harsh and unreasonable sentence when he had mitigation based on military service, [post-traumatic distress disorder (PTSD)], no prior record and community service[.]

**Anders** Brief at 4.[10]

_____

attorney and Commonwealth within 10 days); **Commonwealth v. Wooden**, 215 A.3d 997, 1000 (Pa. Super. 2019) (although defendant's attorney remained as counsel of record, it was proper for trial court clerk to docket defendant's *pro se* notice of appeal).

[8] Counsel also filed a notice of appeal on July 28, 2019.

[9] **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[10] We have reordered the issues for ease of review.

"[W]e may not address the merits of the issue raised on appeal without first reviewing the request to withdraw." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). An attorney seeking to withdraw from representation on appeal

> must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id.*** Pursuant to ***Santiago***, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.***, *quoting* ***Santiago***, 978 A.2d at 361.

Here, Counsel's brief and petition comply with the technical requirements of ***Anders*** and ***Santiago***. ***See Cartrette***, 83 A.3d at 1032. Moreover, Counsel attached a copy of a letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se* and raise any additional points for this Court's attention. Appellant has not filed any response. Accordingly, we proceed to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous. If [we] so find[, we] may grant counsel's request to withdraw and dismiss the appeal[.]"

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (quotation omitted).

Here, the ***Anders*** brief presents the issues of whether the trial court erred in denying Appellant's pre-sentence and post-sentence requests to withdraw his plea. With respect to a **pre**-**sentence** motion to withdraw a plea, this Court has stated:

> A decision regarding whether to accept a defendant's pre-sentence motion to withdraw a guilty plea is left to the discretion of the sentencing court. Pennsylvania Rule of Criminal Procedure 591 provides:
>
> > At any time before the imposition of sentence, the court may, **in its discretion**, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.
>
> Pa.R.Crim.P. 591(A) (emphasis added).
>
> There is no absolute right to withdraw a guilty plea. Nevertheless, "prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for 'any fair and just reason,'" provided there is no substantial prejudice to the Commonwealth.
>
> We will not disturb the decision of the [trial] court absent an abuse of discretion. . . .

***Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa. Super. 2009) (some citations omitted).

On the other hand, we consider a **post-sentence** request to withdraw a plea under these principles:

> . . . "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as

sentence-testing devices." A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

**Broaden**, 980 A.2d at 129 (citations omitted).

At the beginning of the sentencing hearing, Appellant informed his counsel that his family "found some social media posts" from Talbert, addressed to Appellant's girlfriend, purporting to admit she (Talbert) "was dishonest to the police [about] what happened in the apartment." N.T., 6/17/19, at 3. Appellant, however, did not produce the alleged text messages, and indeed, counsel acknowledged he had not viewed the messages. *Id.* The trial court commented, "[T]hat's pretty vague information." *Id.* In denying Appellant's request to withdraw the plea, the court advised Appellant "[h]e can file the appropriate post[-]sentence motion if he can . . . develop some [additional] information." *Id.* at 5.

On review of this record, we conclude the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his plea. **See Broaden**, 980 A.2d at 128. Appellant's mere allegation — that his family discovered social media messages between Talbert and his girlfriend — without any supporting evidence, did not present any "any fair and just reason" for withdrawal. **See** Pa.R.Crim.P. 591(A). Accordingly, we agree with Counsel that this issue is frivolous.

We likewise conclude the trial court did not err in denying Appellant's post-sentence motion to withdraw his plea. Appellant plainly acknowledged he knew of the social media messages at the time of his arrest, a full two years before he pleaded guilty.[11] *See* N.T., 7/12/19, at 35. Thus, his initial claim at the sentencing hearing, that he "just" learned of these messages, was disingenuous; instead, Appellant was aware of the messages and yet still entered a plea. *See* N.T., 6/17/19, at 2-3. Thus, this issue is likewise frivolous. *See Broaden*, 980 A.2d at 129.

Finally, the *Anders* brief presents a claim that the trial court imposed a harsh and unreasonable sentence, where Appellant presented mitigating circumstances: "his military service, PTSD, no prior record and community service[.]" *Anders* Brief at 4.

---

[11] We note Appellant's testimony:

> THE COURT: So you had seen [the messages] before you got locked up? It's a simple question.
>
> [Appellant:] Yes, Your Honor.
>
> * * *
>
> [Commonwealth:] So you had seen the messages on your phone, and you've known about them for the two years you were in custody awaiting trial, correct?
>
> [Appellant:] Correct.

N.T., 7/12/19, at 35.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to invoke our review, an appellant must, *inter alia*, present "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]" ***Id.*** (citation omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Id.*** (citations omitted). "An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." ***Id.*** at 171.

Accordingly, Appellant's claim, that the trial court did not consider mitigating circumstances when fashioning his sentence, does not raise a substantial question invoking our review. ***See Moury***, 992 A.2d at 171.

Moreover, even if we were to review the merits of this claim, no relief would be due. We review the discretionary aspects of sentencing for an abuse of discretion. ***Moury***, 992 A.2d at 169.

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

- 10 -

*Id.* at 171 (citations omitted). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id.*

As stated above, the trial court reviewed the PSI, to which it referred at the sentencing hearing. N.T., 6/17/19, at 8-9, 39. *Id.* at 10. The court also weighed Appellant's military service, PTSD diagnosis, and community service:

> This Court considered [Appellant's] lack of a prior record and his tumultuous childhood in which he spent most of his time in various group and foster homes. This Court also considered that [Appellant] received his high school diploma in 2006, served in both the United States Army and the National Guard, and was deployed to Iraq, which resulted in his [PTDS] diagnosis.
>
> This Court heard victim impact statements and testimony from [Victim's] family. This Court listened to defense witnesses, including [Appellant's] foster mother, stepmother, and a veteran's service officer at the Philadelphia Office of Veteran Affairs, who all testified to [Appellant's] character, PTSD diagnosis, and remorse. This Court also considered [Appellant's] lengthy allocution where he detailed his extensive knowledge of guns and expresses his apologies for his actions.
>
> Before imposing its sentence, this Court considered mitigating factors, such as [Appellant's] military service and community involvement. However, this Court could not discount the significant threat [Appellant] posed to the community and the fact that he had not accepted full responsibility for his actions. The facts in the record establish that [Appellant] aimed his gun at [Victim's] chest, a vital body part, and he emptied his gun of all nine bullets. At the time of the shooting, [Appellant] knew [Victim] was unarmed, and had no justification for using deadly force. This Court's sentence was based on all relevant factors, such as the gravity of the offense and protection of the public.

Trial Ct. Op., 9/18/19, at 10-11.

Finally, we note the trial court stated Appellant's prior record score was 0 and the sentence of 20 to 40 years was within the Sentencing Guidelines' standard range.[12]  **See Moury**, 992 A.2d at 171 (where sentence is within standard range, it is viewed as appropriate under Sentencing Code).  The court imposed no further penalty for PIC.  In light of the foregoing, we would conclude the trial court properly considered the particular circumstances of this offense, Appellant's character and potential for rehabilitation.  Thus, this sentencing issue is likewise frivolous.

As we discern no non-frivolous issues to be raised on appeal, we grant Counsel's petition to withdraw from representation and affirm Appellant's judgment of sentence.  **See Yorgey**, 188 A.3d at 1196.

Judgment of sentence affirmed.  Counsel's petition to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*

---

[12] Third-degree murder carries an offense gravity score of 14, and with the deadly weapon enhancement, the standard range sentence for Appellant was 90 months to the statutory limit of 20 years, plus or minus 12 months.  N.T., 6/17/19, at 6; Trial Ct. Op. at 11.

- 12 -